## TUNNELL et ux. v. REEVES et ux.
### No. 1410—5603.

Commission of Appeals of Texas, Section A.
March 4, 1931.

Maury Hughes and T. F. Monroe, both of Dallas, and G. O. Crisp, of Kaufman, for plaintiffs in error.

Horace C. Williams and Autry Norton, both of Dallas, for defendants in error.

### SHARP, J.

Mrs. Clara Reeves, joined by her husband, J. A. Reeves, brought this cause by writ of habeas corpus to recover possession of her minor child by her former husband, from H. H. Tunnell and wife. The case was tried before the court without a jury. The trial court awarded the care and custody of the child to H. H. Tunnell and wife. An appeal was taken by Mrs. Clara Reeves and husband to the Court of Civil Appeals for the Fifth Supreme Judicial District, and that court reversed the judgment of the trial court and rendered judgment that the minor child be awarded to its mother, Mrs. Clara Reeves. 21 S.W.(2d) 365. The Supreme Court granted the writ of error.

H. H. Tunnell and wife, plaintiffs in error here, contend that the Court of Civil Appeals exceeded its authority in overturning the findings of fact by the trial court and in rendering final judgment. We think this assignment must be sustained.

The trial court filed the following findings of fact and conclusions of law:

"I find that Howard Arthur Hicks is a juvenile five years of age and is at the present time in the custody of his aunt and uncle, H. H. Tunnell and wife, Lillian Tunnell; that said child has been in their custody about three years; that the mother of said child, now Mrs. Clara Reeves, turned said child over to H. H. Tunnell and his wife, for the purpose of rearing and educating him and keeping him as their own; that at the time said child was turned over to them that said child was in the State of Oklahoma with a relative, and that at the request of the mother of said child, who was a widow, H. H. Tunnell and his wife went to Oklahoma and obtained said child who was at that time just a small infant.

"I further find that it was the understanding and agreement by and between the mother and guardian of said child and the aunt and uncle that said child should be adopted by them if they so chose, and that said child was never again to be returned to its mother; that in pursuance of this agreement, contract and understanding, H. H. Tunnell and his wife took said child to their home at Crandall, Texas, and there have cared for him as their own. In this connection, it is the finding of the court that H. H. Tunnell, the uncle of said child, and his wife, are upstanding and outstanding people in that community; that H. H. Tunnell is a farmer and owns the Chevrolet agency in said town; that he is a man of some means and has an income of between $6,000.00 and $10,000.00 a year. That H. H. Tunnell and his wife have no children other than this child, Howard Arthur Hicks, the child in controversy.

"It is the finding of the court that said child has had every care and is now being reared in a Christian atmosphere and in wholesome surroundings, and that H. H. Tunnell and his wife are the proper and fit persons to have the care, custody and control and education of said child. In this connection, I further find that the mother Mrs. Clara Reeves, has recently married a man by the name of J. A. Reeves; that J. A. Reeves was a widower and that he had three children by his first wife, and that Mrs. Clara Reeves, the mother of said child, has three other children of tender age; that these six children,—that is, the three children of Mr. Reeves and the three children of Mrs. Reeves, are living, in a four room house in Dallas; that J. A. Reeves makes only a small salary and that he has no other income save and except that of his employment.

"I find that Mrs. Clara Reeves has never made any demand of any kind for the return of her child until about three weeks before the filing of this suit; that during the time that said child has been with H. H. Tunnell and his wife they have brought the child to visit his mother at various times and on every oc-

casion that the mother has requested to see the child.

"It is the finding of the court that shortly before the marriage of Mr. and Mrs. J. A. Reeves, that is, on or about the 1st day of January, 1929, that Mrs. Reeves threatened to place all of her children in an orphan's home so that she could remarry.

"It is the further finding of the court that the said Mrs. Clara Reeves, the mother of this child, has on various occasions when said child has visited her been very harsh and severe with said child, and that she has chastized said child severely by striking him unnecessarily, and that by acts and conduct on the part of the mother of said child she has rendered herself unfit in a degree to have the custody, care and control of said child.

"I find that said child is healthy and happy in his present surroundings, and that no person has suffered by virtue of said child being in the custody of H. H. Tunnell and his wife.

"Conclusions of Law.

"I conclude as a matter of law that H. H. Tunnell and his wife are the proper and fit persons to have the care and custody and control of the child, Howard Arthur Hicks, and that J. A. Reeves and his wife are not the proper and fit persons to have the care, custody and control of said child. And, further, it is the finding of the court that the conduct on the part of the mother of said child by surrendering said child over to H. H. Tunnell and wife is equivalent to abandonment, and that new relations and conditions have arisen which would make it manifestly unjust to the child to break this new relationship and restore him to his mother and step-father.

"I further conclude that it is for the best interest of said child that he remain in the custody of H. H. Tunnell and his wife."

The Court of Civil Appeals in its opinion held in effect that there was no evidence to warrant the trial court in making the following findings of fact and conclusions of law:

(a) "That the said Mrs. Clara Reeves, mother of this child, has on various occasions, when said child visited her, been very harsh and severe with said child."

(b) "That by acts and conduct on the part of the mother of said child she has rendered herself unfit in a degree to have the care and control of said child."

(c) "That J. A. Reeves and his wife are not the proper and fit persons to have the custody, care and control of said child.

(d) "That the conduct on the part of the mother of said child by surrendering said child over to H. H. Tunnell and his wife is equivalent to his abandonment."

The Court of Civil Appeals further finds as

to the other finding of fact by the trial judge that the evidence is sufficient to support same.

 As we construe the opinion of the Court of Civil Appeals it is in effect held that there is no evidence or facts to support the finding of the trial judge, and reversed and rendered the case, which holding gives the Supreme Court power to review the evidence. Marshburn v. Stewart, 113 Tex. 518, 254 S. W. 942, 260 S. W. 565; Tweed v. Western Union Tel. Co., 107 Tex. 247, 255, 166 S. W. 696, 177 S. W. 957; Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295.

We have carefully considered all the evidence introduced in the trial court, and in our opinion it tends to support the findings made by the trial court. The trial judge after seeing the witnesses and hearing their evidence held that the mother of the minor child on various occasions had been very harsh and severe with the child and that by her acts and conduct she has rendered herself unfit in a degree to have the care and control of the child, and further found that J. A. Reeves and his wife are not the proper and fit persons to have the custody, care, and control of the child; and that it is to the best interest of the child that it remain in the custody of H. H. Tunnell and wife.

 In view of the findings made by the trial judge above copied, the Court of Civil Appeals was not authorized to overturn the findings of fact and render final judgment to the contrary, if there was any evidence in the record sustaining the finding by the trial court. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17; Houston & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Choate v. S. A. & A. P. Ry. Co., 91 Tex. 406, 44 S. W. 69.

The rule is clearly stated by the Supreme Court by Judge Brown in Houston & T. C. R. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415, 417, as follows: "In the exercise of its appellate jurisdiction, a court of civil appeals may draw from the evidence conclusions of fact different from those arrived at by the jury or judge, and it may reverse the judgment of the lower court, and remand the cause, for the reason that the verdict and judgment are against the weight of the evidence. But the determination of questions of fact as the basis of a final judgment involves the exercise of original jurisdiction which has not been conferred upon the courts of civil appeals."

The Court of Civil Appeals, in support of its opinion, cites the case of State v. Deaton, 93 Tex. 243, 54 S. W. 901, 902. An analysis of the facts in the Deaton Case, as compared with the facts in this case, will, in our opinion, show a clear distinction. The findings made by the trial court in the Deaton Case are, in our judgment, unlike the findings made by the trial court in this case. Judge Brown in the Deaton Case says: "Under the facts found by the trial court, there is no question as to the moral or other qualifications of the plaintiff for the discharge of her parental duties to the child, Austin Dillard; but the trial court, upon the facts, expressed the conclusion 'that' the interest and welfare of the child, Austin Dillard, will be as well, if not better, subserved by remaining with the respondent and his wife, who have adopted it as their own, than if his possession and custody were given to his mother, the applicant herein.' "

The trial judge in this case, as heretofore stated, found that the mother of the child had been harsh and severe with the child, and, among other things, found that she had rendered herself unfit, in a degree, to have the care of the child, and further found that J. A. Reeves and his wife are not the proper and fit persons to have the custody, care, and control of said child. The trial judge did not rest his findings there, but found that it is to the best interest of the child that it remain in the custody of H. H. Tunnell and wife. We do not think the opinion in the Deaton Case is authority to support the opinion of the Court of Civil Appeals in this case.

The Court of Civil Appeals further holds that the disqualification of Mrs. Clara Reeves for the proper discharge of her duties, not having been put in issue by the pleadings, the trial court erred in awarding the custody, care, and control of the minor child to H. H. Tunnell and wife, and, as a matter of law, should have made that award in favor of Mrs. Clara Reeves, and by reason thereof reversed the judgment of the trial court and rendered judgment awarding the child to Mrs. Reeves.

As shown by the record this is a habeas corpus proceedings instituted by Mrs. Clara Reeves and husband against H. H. Tunnell and wife for the custody of her minor child. The paramount question for the trial judge to decide was: Under all the circumstances how could the best interest of the child be promoted and protected? In laying down well-established rules as a guidance for the trial court, this question has been ably and fully discussed by our Supreme Court in many cases. Some of the most noted decisions being as follows: Legate v. Legate, 87 Tex. 248, 28 S. W. 281, 282; State v. Deaton, 93 Tex. 243, 54 S. W. 901.

 The writ of habeas corpus is used in this state as a form of procedure for the purpose of litigating questions as to the proper custody of children and ascertaining what would be to the best interest of the child, to society and to the state, and is addressed to the equity powers of the court, and the power is given to the courts to make the change as a remedial right. The trial judge sits as a

court of chancery, exercising broad equitable power, and the rules regulating the exercise of that power are and should be liberally construed. He should hear all legitimate testimony bearing upon the question, unhampered by narrow technical rules.

With reference to the office of a writ of habeas corpus in a case of this kind, the Supreme Court through Judge Denman in the case of Legate v. Legate, supra, says: "The writ of habeas corpus has long been resorted to as the proper proceeding in order to determine whether a minor is unlawfully restrained of his liberty; and when, by means of such writ, a minor of such tender years as to be lacking in discretion has been brought before the court, it has not only inquired into and relieved against the unlawful restraint, if any, but has, in addition, or perhaps as a necessary incident, determined to whom the custody of the minor rightfully belonged."

Again we quote from the opinion of Judge Denman in the Legate Case, as follows: "The question as to whose custody will be most beneficial to the infant is one of fact, of which this court has no jurisdiction, but which is to be determined in the first instance by the district court, upon hearing all the evidence tending to shed any light upon these two homes, and the people inhabiting them, including their entire connection with, affection for, and present and future ability to care and provide for this little girl, in order that the court may be enabled to determine, upon the whole case, the difficult question of the fact above stated."

It is true that a habeas corpus proceeding in this state is defined under established rules as a civil action. It is also true that the trial court is to pass upon the main question for decision as to what is the best interest of the child itself. It is a question of fact, and we think that all of the issues incident to and connected with this question are and should be subordinate. The decision of the court should be reached upon hearing of all the evidence tending to shed any light upon the question. In our judgment it is more a matter of evidence than a matter of pleading.

Believing as we do, after a careful consideration of the testimony contained in this record, that the evidence tends to sustain the findings made by the trial court, we must assume that the trial judge was endeavoring to award this child to the person best fitted to care for it under well-established rules of law. His judgment should be construed fairly to see if it cannot be harmonized with the law. It is our judgment that the Court of Civil Appeals erred in its construction of the facts and the law and in reversing and rendering the judgment as it did.

Therefore, for the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals reversing and rendering the judgment herein be reversed, and the judgment of the trial court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.