## EVANS et al. v. TAYLOR.

No. 5020.

Court of Civil Appeals of Texas. Amarillo.

May 1, 1939.

Sam D. Wolfe, of Sherman, for appellants.

N. B. Birge and Joe A. Keith, both of Sherman, for appellee.

FOLLEY, Justice.

This suit is a contest between the appellee, Harry C. Taylor of Grayson County, Texas, and his former wife, the appellant Evelyn Evans, joined by her present husband, Harold J. Evans, of Kansas City, Missouri, over the custody of Barbara Taylor, the minor daughter of Taylor and Mrs. Evans by her former marriage to Taylor.

On September, 14, 1934, by a judgment of the 9th Judicial District Court of Reno County, Kansas, the appellant Evelyn Evans, then Evelyn Taylor and wife of the appellee, Harry C. Taylor, was granted a divorce from the appellee in which she was awarded the custody of their minor child, Barbara Taylor. Some three years before the present suit was instituted Harry C. Taylor was married to his present wife, Mrs. Mildred Taylor. At the time of the trial herein and for some time prior thereto the appellee resided at Sherman, Grayson County, Texas. In July, 1937, Mrs. Evans permitted the minor child, then about seven years old, to visit its father in Sherman, Texas, where she remained until October 4, 1937. Mrs. Evans alleged that she released the child to her former husband with the understanding that the child should be returned to Kansas City before the opening of public schools in September of that year. On August 21, 1937, another hearing was held in the original cause in the District Court in Reno County, Kansas, upon the application of Taylor to change the custody of the minor child so as to allow him her custody during each school year. Both Taylor and Mrs. Evans appeared and contested the issue again in the Kansas Court. Judgment was rendered on that date that no grounds existed for changing the custody of the child and confirmed the original order issued September 15, 1934, awarding the custody of the child to its mother.

Thereafter on October 4, 1937, Mrs. Evans, joined by her present husband Harold J. Evans, instituted this suit against the appellee in the form of a habeas corpus proceeding in the District Court of Grayson County, Texas. She alleged the two decrees of the District Court of Kansas, asserted that the seven year old child was illegally restrained by the appellee, prayed for writ of habeas corpus, and asked that

upon hearing the child be delivered to her custody. The court granted the petition and made the writ returnable on the day the petition was filed. The child was produced in court and by the request of Mrs. Evans was by the court paroled to its mother upon the latter's promise to produce the child in the court at nine o'clock the following morning at which time a hearing on the issue of custody was to be held. The following morning the appellee appeared with his attorneys at the appointed time, as did the attorneys for Mrs. Evans, but Mrs. Evans and her child made no appearance. Thereupon it was learned that she had departed from the State, carrying the child to her home in Kansas City. The hearing was therefore postponed. On November 8, 1937, the attorneys for Mrs. Evans filed a motion to dismiss the proceedings. At such time no answer had been filed by the appellee, but the court did not immediately act upon the motion to dismiss. The next day, November 9, 1937, Taylor filed his answer asking for affirmative relief. Thereafter on December 11, 1937, the court overruled the motion of the appellants to dismiss the cause and in such order set out the facts with reference to the action of Mrs. Evans in removing the child from the State in violation of her agreement with the court. Mrs. Evans made no appearance in person at this hearing on the motion, and, in fact, made no personal appearance in court at any time after October 4, 1937, when she left the State with her child. On February 12, 1938, a hearing was had upon the merits of the habeas corpus application and the court awarded the custody of the child to the appellee. From this judgment the appellants, Mrs. Evelyn Evans, joined by her husband, Harold J. Evans, have prosecuted this appeal.

The appellants first assign as error the action of the court in overruling their motion to dismiss the proceedings, asserting that the court should have granted their motion on the day it was filed, at which time no answer had been filed by the appellee. In this connection we call attention to the fact that the action of the court in overruling the motion to dismiss occurred on December 11, 1937, over a month after an answer seeking affirmative relief had been filed by the appellee on November 9, 1937. Therefore, at the time the court acted upon the motion he had ample authority to overrule it. Adams et al. v.

Gillis et al., Tex.Civ.App., 277 S.W. 724. Moreover, under the circumstances of this case we think the court was authorized to refuse to act on such motion on November 8, 1937, the day such motion was filed. Mrs. Evans had violated her pledge to the court to return the child and was probably in contempt of the court for such action. The next day after the motion was filed the appellee filed his answer asking for affirmative relief. In the meantime, and at all times after the court's jurisdiction had been invoked by the petition of the appellant, the child was a ward of the court and its welfare was in the hands of the court. This being true, we think the court was authorized in his action in refusing to act upon the motion until an answer was filed the next day. After the answer was filed seeking affirmative relief he was then without authority to grant such motion.

■ The next assignment of the appellants presents a more serious question and one we think decisive of the principal issue in this case. The appellants attack the sufficiency of the evidence to support the judgment of the trial court changing the custody of the child from its mother to its father. We think it is well settled in our jurisdiction that the two judgments of the Kansas court are res adjudicata of all questions concerning the right to the custody of the child which were or could have been raised at the time of the respective adjudications, are binding upon all the parties and the decrees are protected by the full faith and credit clause of the Federal Constitution. U.S.C.A.Const. art. 4, § 1. Goldsmith et al. v. Salkey, Tex.Sup., 112 S.W.2d 165, 116 A.L.R. 1293; Id., Tex. Civ.App., 115 S.W.2d 778, 116 A.L.R. 1293. It is also well settled that the finality of such judgments obtains so long as the circumstances remain the same. Such rule, however, does not bar a subsequent proceeding to modify or change the former award provided conditions have changed so materially since such decree as would warrant an adjudication upon the question in the light of the changed conditions. In order to warrant a change or modification of the order the true test seems to be that the proof must show the "situation and character of the respective parties have so changed as to render it to the [best] interest of the infant" that the former order be set aside or modified. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 947, 97 Am.St.Rep. 928.

■ Measured by the above requirements as to the showing necessary to warrant a change or modification of the former orders adjudicating the custody of the child, it is our opinion that the evidence in this case is wholly insufficient to discharge this burden.

Only three witnesses testified at the trial upon the merits, the appellee, his present wife, and a business associate. The substance of the testimony of the latter was to the effect that the appellee bore a good reputation in the community where he resided. No inference could be drawn from this testimony that the reputation of the appellee was ever at any time any different from its present status and such evidence would not show any changed conditions.

The testimony of Mrs. Mildred Taylor was merely in reference to the home life of the Taylors at Sherman where they had resided for more than three years prior to the trial. She had never visited in the home of the appellants in Kansas City and knew nothing about the conditions existing there. The testimony of the appellee was no more cogent on the issue than that of Mrs. Taylor. The only portion of his evidence which might have had any bearing on the issue was his statement that the child lived in what he considered an undesirable neighborhood in Kansas City, yet, he admitted that she had so lived in the Evans family in this same place for about two years. This testimony, if true, would certainly fail to show any change of conditions since August, 1937. Moreover, no facts were offered to substantiate the opinion of the appellee in this respect, and, at best, such evidence was no more than a conclusion of the witness unsupported by any fact upon which such a conclusion would have been warranted. As a further impeachment of the value of his testimony upon the issue then before the court, he admitted that at the time of the trial he did not know, and had no way of knowing, the circumstances under which the child was then living.

■ The appellee contends that the action of Mrs. Evans in removing the child beyond the borders of the State was an act sufficient in itself to authorize the court to change the custody of the child. In this contention we are not in accord. So far as the Texas court was concerned the conduct of Mrs. Evans in this respect was perhaps reprehensible, regretable and possibly in wilful disregard of the confidence

reposed in her by the court. But such conduct at most could amount to no more than to form a basis for a contempt proceeding to be instituted against Mrs. Evans in the Texas court. Such a proceeding would be a matter strictly between her and the court and would be independent of any relationship between Mrs. Evans and her child. Whether or not she is guilty of contempt is a matter we are not required to decide, but if she is, we fail to see how such guilt or her conduct in this connection would materially affect the love and devotion she held for her child or would lessen the natural and maternal instinct she possessed to discharge the duties of motherhood. It might be said in her defense in such a contempt proceeding that at the time of the removal of the child there then existed in full force and effect two valid and binding judgments from a court of competent jurisdiction vesting in her the sole custody of the child. Under such judgments, until they were set aside by some other decree, she was empowered to take charge of the child where ever she found it and take it where ever she pleased. In this statement we are not approving the conduct of Mrs. Evans in breaking faith with the Texas court. Having invoked the jurisdiction and aid of the court to obtain possession of her child she should have remained in Texas for the final determination of the right to its custody. If in failing to do so, however, she has committed some wrong against the court or against the State of Texas, she should be punished only in the manner provided by law in such cases. Taking from her the child in question and awarding it to another is not one of the remedies prescribed by law for the redress of such a wrong. Regardless of her conduct, whether wilful, contemptuous or malicious, whether prompted by spite against her former husband, fear of the attitude of the trial court in a strange forum and in a strange land, or whether it was due to an overwhelming mother's love which possibly might have incited action without any good reason, the act of removing the child from the State of Texas could not from any view point be an act involving moral turpitude or one that would be germane to any filial or maternal relationship between the mother and child.

It is our opinion that the appellee has failed to show any material change in the situation and character of the respective parties herein since the former decrees so

as to render it to the best interest of the minor that the Kansas judgments be modified in any respect, and for the failure to discharge the burden thus placed upon him the court erred in rendering judgment changing the custody of the child.

The judgment is reversed and the cause remanded.