## LANFORD et al. v. CARRUTH et al.

### No. 5669.

Court of Civil Appeals of Texas. Amarillo.

March 12, 1945.

Rehearing Denied April 9, 1945.

Chas. H. Dean, of Plainview, for appellants.

Reeder & Reeder, of Amarillo, for appellees.

PITTS, Chief Justice.

Appellee, Myrtle Ruth Carruth, joined by her husband, Vernon E. Carruth, instituted suit against Fred Lanford, Jr., and his parents, Fred Lanford, Sr., and wife, Sallie Lanford, for the custody of Richard Wesley Lanford, a four-year-old boy born to Myrtle Ruth Carruth and Fred Lanford, Jr., during their marriage.

The record discloses that the child's parents were married in 1939; that the child was born in 1940; that the parents were separated in 1942 and were divorced in

1943. The District Court of Hale County granted the divorce and the judgment recited in part, "In regard to the child, Richard Wesley Lanford, the parties have agreed as to its custody and no order is entered in reference to said child."

The record further reveals that the parents had previously agreed that the child's mother should have its custody at least a part of the time but she began working for her own support after the separation and left the child with its father, who soon remarried and he, his wife, and said child were living with his parents where the child's mother visited it frequently. She remarried late in 1943 and, feeling she was then able to care for the child, took and kept it for two weeks. She took the child to visit its father and paternal grandparents on November 11, 1943, when a controversy arose as to the custody of the child in which the grandparents participated out of which much unpleasantness grew, which resulted in the filing of this suit.

The case was tried before the court without a jury and judgment rendered awarding the custody of the child to its mother, from which judgment appellant, Fred Lanford, Jr., perfected an appeal to this court, executed a supersedeas bond, and held custody of the child during the appeal.

Appellant complains that the trial court's judgment is not supported by "substantial evidence" and that the trial court admitted improper evidence from the witness, Sallie Lanford, the child's paternal grandmother, during her cross-examination.

It was admitted by appellant that the parties were equally able financially to care for the child but appellant contends that appellee is not a fit and proper person to have the custody of the child and that appellant is a fit and proper person to have its custody. The evidence is strongly controverted on this issue but the trial court made and filed findings of fact and conclusions of law and found against appellant on the issue. It found that the custody of the child had not been previously adjudicated; that appellee was fraudulently induced by appellant and his parents to leave the child with them for a short visit on November 11, 1943, and then kept the child and wrongfully prevented her from having its custody again; that appellee was a young woman enjoying good health, industrious, with a fair education, and of good moral character; that appellee's husband, Vernon E. Carruth, was in the U. S. Navy; that he was a young man of good health, industrious, and owned a good home in Houston, Texas, where he and appellee had lived prior to his entering recently into military service; that appellee was a fit and proper person to have the custody, care, and control of the child; that Vernon E. Carruth will help appellee to support and care for the child, and that its best interest will be much better served by awarding it to appellee and her husband than it would if awarded to appellant.

In such cases it has been universally recognized that the best interest of the child is the paramount issue for consideration. It has been likewise generally held where other things are equal preference should be given to the mother in awarding the custody of a minor child of tender years. Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506, and McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296, and other cases there cited. Yet, a natural parent may forfeit the right of custody of a minor child by being guilty of misconduct. Dunn v. Jackson, Tex.Com.App., 231 S.W. 351.

Under our system a liberal discretion is vested in the trial judge in awarding the custody of minor children in a case such as this. He faces the parties and the witnesses, observes their demeanor and personality, and feels the forces, powers, and influences that cannot be discerned by merely reading the record. He is, therefore, in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child. The awarding of the custody of a minor child in such a case is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229; Rider v. Rider, Tex.Civ.App., 143 S.W.2d 222; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004; Lyle v. Lyle, Tex.Civ. App., 141 S.W.2d 960; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; and Turk et al. v. McLure, Tex.Civ.App., 63 S.W. 2d 1049.

We do not consider appellant's complaints about the admission of improper evidence material. There is no showing that such evidence was considered by the

trial court or that it was harmful. It is presumed that the trial court did not consider any improper evidence if such was heard. In a case such as this technical rules of practice are not to be given controlling effect. It is the right and duty of the trial court to ascertain any and all the facts and to make any investigations of conditions that will assist it in reaching a proper solution of the problem before it without being handicapped by technical rules of practice. Williams v. Perry, Tex. Com.App., 58 S.W.2d 31; Wilson v. Wilson, Tex.Civ.App., 88 S.W.2d 1086; Williams v. Guynes et al., Tex.Civ.App., 97 S. W.2d 988; and Brillhart v. Brillhart, supra.

We have carefully examined all assignments of error and the record. It is our opinion that the evidence supports the material findings of the trial court and that there has been no abuse of discretion such as would warrant us in disturbing the judgment. The judgment of the trial court is therefore affirmed.