**SAWYER et al. v. BEZNER et al.**

**No. 5797.**

Court of Civil Appeals of Texas. Amarillo.

June 30, 1947.

Rehearing Denied Aug. 4, 1947.

H. H. Cooper and E. O. Northcutt, both of Amarillo, for appellants.

Reeder & Reeder, of Amarillo, for appellees.

PITTS, Chief Justice.

This is a child custody case in which appellees, Lucille Bezner joined by her husband Leo Bezner, filed suit against appellants, Vyron L. D. Sawyer and his parents, J. T. Sawyer and wife, for the custody and control of three minor boys, namely: Laney Dean Sawyer, age five years; Vyron Lunn Sawyer, age three years; and Jerry Joe Sawyer, age two years, each born to the marriage of Vyron L. D. Sawyer and Lucille Bezner during their marriage in former years.

The record reveals that the natural parents of the said children were married April 15, 1940; that they lived together as husband and wife until February 15, 1945, that their marriage was dissolved by decree of the 108th District Court in Potter County on May 31, 1945; that on June 15, 1946, the mother of the said children married Leo Bezner and that the father of the said children had likewise subsequently married again; that in May of 1944, Vyron L. D. Sawyer went into the military service and was stationed for a time at Akron, Ohio; that early in 1945, Vyron L. D. Sawyer wrote to his wife and told her he did not want to live with her as her husband any more; that immediately thereafter she visited him at Akron, Ohio, but that they did not live together after he wrote her that he did not want to live with her any more; that after the separation appellee, Lucille Bezner, got a position and worked and with the help of the paternal grandparents of the children she tried to care for the said children until her health became affected; that Vyron L. D. Sawyer filed suit for a divorce before he was released from military service and asked that he be granted a divorce and that the custody of the children be awarded to his parents, J. T. Sawyer and wife. A copy of the judgment of the 108th District Court dissolving the marriage of the parties and awarding the custody of the children is not found in the record in this case but it is admitted by the parties that a divorce was granted the appellee, Lucille, Bezner, who was then Lucille Sawyer, and that the custody of the children was awarded by judgment of the 108th District Court to the paternal grandparents by agreement of the parties. Appellees contend that Lucille Bezner felt then that she was compelled to agree for the paternal grandparents to have custody of the children at that time because she was not physically nor financially able to care for them herself and their father had told her he would not help care for them unless their custody was awarded to the paternal grandparents and she agreed then for the said paternal grandparents to have their custody only until she could regain her health and until she was able to care for them. The record reveals that she was then under treatment of a doctor and subsequently underwent surgery before she regained her normal health.

Upon a hearing before the trial court without a jury appellees were awarded the custody and control of the children and an appeal has been perfected to this Court. Appellants filed a supersedeas bond fixed by this Court and the paternal grandparents continue to have custody of the children pending this appeal.

Appellants present their appeal to this Court upon twelve points of error urging that the custody of the children remain with the paternal grandparents but, if a change of custody be ordered, that their custody be awarded to appellant, Vyron L. D. Sawyer.

The controlling issues to be determined are reduced to the questions (1) of whether or not conditions have changed so materially since the decree was entered in the 108th District Court awarding the children to the paternal grandparents as to warrant a change of custody of the children in the light of all the facts and circumstances, (2) what will be for the best interest of the children in the future and (3) whether or not the trial court abused its discretion in entering the order changing the custody of the children from the paternal grandparents to appellees.

■ In several assignments of error appellants complain because the trial court refused to sustain their exceptions to the pleadings of appellees alleging existing conditions prior to the order of the 108th District Court and appellants contend that the decree of the said 108th District Court was res adjudicata as to all matters therein contained including the awarding of the custody of the said children to the paternal grandparents. Appellees resist the questions raised on the ground that the law of res adjudicata does not bar the reopening of the issues for a hearing on the question of change of custody of the children if and when there has been a subsequent change of conditions such as will justify a change of custody. Appellees' further contend that, since, the burden was upon them to properly plead and prove a change of conditions, they pleaded the existing conditions before and after the rendering of the judgment of the 108th District Court for the sole purpose of offering testimony in support of their pleadings to show a change of conditions

and not for the purpose of making an attack upon the said judgment of the 108th District Court. The rule is well established that the finality of a judgment such as that rendered by the 108th District Court dissolving the marriage of the parties and awarding the custody of the children obtains so long as the circumstances and conditions remain the same but such rule does not bar a subsequent proceeding to modify or change the former award of the children provided conditions have changed so materially since the decree was entered by the 108th District Court as would warrant another adjudication changing their custody. Evans v. Taylor, Tex.Civ.App. 128 S.W. 2d 77.

■ The Commission of Appeals has held that pleadings are of little importance in a child custody hearing and that the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of the children should be unhampered by narrow technical rules. Williams v. Perry, Tex.Com.App., 58 S.W. 2d 31; Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707.

■ On the question of changed conditions since the children had been awarded to the paternal grandparents, the trial court heard much testimony, some of which was controverted. The friends and associates of appellants testified strongly for them and appellees' friends and associates testified just as strongly for them. Lucille Bezner's pastor, Sunday School teacher and other members of the church to which she belonged testified that she was an active member of the church and a reputable citizen and the proof shows also that Leo Bezner attended church regularly and bears a good reputation. The proof further shows conclusively that appellees were in good health, had a good comfortable home, and that they were fully able and willing to afford opportunities for and proper care and training of the said children and the proof likewise shows conclusively that the children's mother was not in position to provide such for the children at the time they were awarded to the paternal grandparents. The testimony was controverted on the question of the proper care, attention, and opportun-

ities for proper training of the said children by those who have their present custody. Where evidence is conflicting the trier of facts has the exclusive function of determining the credibility of the witnesses and the weight to be given their testimony. Mortensen v. Mortensen, Tex.Civ.App, 186 S.W.2d 297. The awarding of the custody of minor children in such cases. is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Lanford v. Carruth, Tex. Civ.App., 186 S.W.2d 386, and other authorities there cited. Under the law it is to be presumed that the trial judge endeavored to award the children to the persons best fitted to care for them and his judgment must be construed fairly in an effort to harmonize it with the facts and the law. Tunnell v. Reeves, supra. The Commission of Appeals held in the case of Dunn v. Jackson, 231 S.W. 351, that it is a legal presumption that the best interest of a child will be served if its custody should be awarded to its parent and that such legal presumption must be overcome by a person other than a natural parent before the legal custody of such child should be awarded to another person. The court further holds that it is not necessary, however, to prove that a father is not a fit and proper person to have the custody of his child before it can be awarded to another but the paramount issue is what is for the best interest of the child. It has likewise been held in the awarding of the custody of minor children of a tender age when determining which parent should have their custody that as a general rule the mother should have their custody unless she is shown to be unfit to assume such responsibility. McGarraugh v. McGarraugh, Tex. Civ.App., 177 S.W.2d 296, and Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506. We find nothing in the testimony that would indicate that appellees are not fit and proper persons to have the custody and control of these children of tender years.

Appellants complain that the trial court heard and considered improper evidence in the trial of the case. If the trial court heard improper evidence there is no showing that such evidence was considered or that such was harmful and it is presumed that the trial court did not consider any improper evidence if such was heard. Lanford v. Carruth, supra.

Applying the foregoing rules of law, it is our opinion that there is sufficient evidence of probative force to support the material findings of the trial court and that there has been no abuse of discretion such as would warrant us in disturbing its judgment. Appellants' points of error to the contrary are overruled and the judgment of the trial court is affirmed.