**MURPHEY v. WALKER et al.**
No. 5862.

Court of Civil Appeals of Texas. Amarillo.
Feb. 7, 1948.

Rehearing Denied March 8, 1948.

Walter E. Rogers, of Pampa, for appellant.

W. R. Ewing, of Pampa, and C. L. Harris, of Lubbock, for appellees.

PITTS, Chief Justice.

This is a child custody case in which appellees, Cecile Walker, joined by her husband James R. Walker, filed suit against appellant, Ashford B. Murphey, for the award of full time custody and control of Martha Gene Murphey, a girl born January 18, 1941, to the marriage of Cecile Walker and Ashford B. Murphey.

The record reveals that the natural parents of the said child were both residents of Texas when they married on June 7, 1938, and lived together as husband and wife until some time early in 1945; that appellant enlisted in the Navy from Texas some time in the summer of 1942 and served more than three years during which time he and his wife saw each other at various times and lived together for short intervals at various places until the separation; that on March 15, 1945, their marriage was dissolved by a court of competent jurisdiction in Lubbock County and each of them subsequently married again; that the trial court reluctantly divided the time of custody and control of the child between the parents in the divorce decree but did so in accordance with the terms of an agreement made between the parents giving the mother its full custody and control so long as its father was in the Navy but upon his separation from the armed services the decree provided that the mother should have its custody and control during the nine school months of the school year from September 1 to May 31, both inclusive, and the father should have its custody and control during the summer months of June, July and August of each year; that appellant was separated from the armed services and returned to Texas in October, 1945, at which time he took the child then by agreement of the parties and kept it for a period of ten days at the home of his parents in Nacogdoches, Texas; that appellant moved to the State of Mississippi on December 30, 1945, where he procured a position and where he has since resided; that he married his present wife on April 21, 1946, who had two children, ages four and seven, by a former marriage which children appellant adopted as his own under the laws of Mississippi; that prior to the hearing had in the trial court of this case a daughter was born to his present marriage; that in July, 1946, appellant came to Texas and took the custody of the child, Martha Gene Murphey, by force from its maternal grandmother on the streets of Shamrock, Texas, returned with it to his home in Greenville, Mississippi, where he kept the said child until its mother and maternal grandmother went to his home in Greenville, Mississippi, in November, 1946, and obtained custody of the said child from him peaceably and brought her back to the home of appellees who had previously married on July 27, 1946; that on May 7, 1947, appellees filed this suit in the District Court of Gray County, Texas, the county of their residence, at a time when the child was with them and when they had legal custody of the said child, after which they had appellant served with process in Mississippi; that appellant was in attendance of court at the call of this cause on appearance day June 2, 1947, and through his counsel filed a motion to quash the citation and continue the cause which motion was overruled by the trial court and the case was set for trial on July 21, 1947; that appellant filed an answer in the cause on July 1, 1947, joining issues with appellees and asked for full custody of the said child for himself in a cross action or in the alternative that there be no change made in the former order of custody; that on July 8, 1947, appellant came to Texas, entered the home of the said child's maternal grandparents about 9:30 o'clock at night and took custody of the said child by force, with some difficulty, from its mother and its maternal grandmother and returned with it to his home in Mississippi where he has since kept the child; that appellant through his attorney filed a motion for a continuance of the case which had been set for July 21, 1947, and the hearing was postponed and reset for September 18, 1947; that on September 18, 1947, all parties to the suit appeared in person and by counsel and announced ready for trial without the child being present.

Upon a hearing of the issues by the trial court without a jury it found that conditions had so changed that divided custody and control of the child's time between the natural parents was detrimental to its best interest and that it would be for the child's best interest that its full custody and control be awarded to its mother and it was therefore ordered and adjudged that she have full and exclusive care, custody, control and management of the said child with appellant given the right of visitation at reasonable times and places, from which judgment appellant perfected an appeal to this Court.

Appellant predicates his appeal upon six points of error complaining that the pleadings and evidence do not support the judgment, that improper evidence was heard, that the burden of proof was misplaced, that the former award of the custody of the child by a proper judgment was res adjudicata and makes other complaints about procedural matters all of which are resisted by appellees.

At the request of appellant the trial court made findings and conclusions in addition to those hereinabove mentioned as found in the trial court's judgment. The additional material findings are as follows: that at the time the parties were divorced appellant was a resident of Texas but moved to the State of Mississippi soon thereafter where he established his permanent residence and where he married a woman with two small children by a former marriage and adopted the children as his own; that he had a child by his present marriage; that both parties are of good moral character and either party is financially able to support the child in question; that it will be for the best interest of the child if it be awarded to its mother where it will be the only child in the home and will therefore have all the undivided love, care and attention a natural mother can give rather than to award it to appellant where it would be constantly associated with a step-brother, a step-sister, a half-sister, and a step-mother. The trial court concluded in effect that because of the materially changed conditions of the parties since the previous award of the child by a court of competent jurisdic-

tion the full care, custody and control of the child should be and was awarded to its mother, Cecile Walker.

A careful examination of the pleadings reveals that both parties asked for full custody of the child and each pleaded the formal parts of the previous judgment of divorce and the award of the child and both parties pleaded changed conditions since the award, which pleadings are amply sufficient to support the judgment of the trial court. However it has been many times held that pleadings are of little importance in child custody cases and that the trial court's efforts to exercise broad equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow technical rules. Fraley v. Martin, Tex.Civ.App., 168 S.W.2d 536; Brillhart v. Brillhart, Tex. Civ.App., 176 S.W.2d 229; Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19, and other authorities there cited. The uncontradicted evidence admitted by the parties is amply sufficient to support the finding of the trial court to the effect that conditions have materially changed since the award of the court dividing the time for custody and control of the child between the parents. It is our opinion that the custody of the child should not have been divided between the parents in the original suit. Our courts have generally disapproved of the action of trial courts in dividing the custody of young children between the divorced parents and this Court so expressed itself in the case of McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296. The record in this case reveals that the trial court of Lubbock County reluctantly divided the custody of the child between the parents when the divorce was granted because he doubtless knew from previous experience how unsatisfactory such an arrangement usually proves to be. The record shows that he entered such an order only because the parents had agreed to such an arrangement and urged that the custody be divided between them in the original judgment. The final result in this case has been no different from that in other similar cases where custody has been divided between divorced parents.

In a case such as this the trial court is given much latitude and discretion and its power and authority to inquire into the facts must be liberally construed and it will be presumed as a matter of law that the trial court endeavored to award the child to the person best fitted to care for it and its judgment in such a case must be fairly construed in an effort to harmonize it with the facts and the law. Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238; Sawyer v. Bezner, supra. Applying these rules to the record in this case we fail to find the admission of any improper evidence. Until the contrary is shown it is presumed that the trial court did not consider any improper evidence if any was heard. Lanford v. Carruth, Tex.Civ.App., 186 S. W.2d 368; Sawyer v. Bezner, supra.

The record reveals that appellees assumed and discharged the burden of proof and appellant's complaint to the contrary is overruled. Appellant's contention that the former award of the custody of the child by a proper judgment was res adjudicata is likewise overruled since it has been many times held that a former judgment awarding the custody of a child may be modified or changed if and when it has been properly pleaded and shown that conditions and circumstances have changed materially since the former award was made. Evans v. Taylor, Tex.Civ.App., 128 S.W. 2d 77, and Sawyer v. Bezner, supra.

Appellant admits as a witness in his own behalf that he took custody of the child by force on two different occasions in Texas and took her home with him to Greenville, Mississippi, and that he took her the last time on July 8, 1947, after he had been served with process and made his appearance in the trial court in this case and that she was in his home in Mississippi at the time of the trial. Appellant further testified that he had not been told to bring the child to the hearing and did not know it was necessary to have her present; that the child was in school and he did not want to disturb her further until the question of custody was settled; that he would have brought the child if he had known it was necessary; that he had lived in Texas most of his life, felt that justice would be done by the Texas courts and that he was willing to abide the final judgment of the Texas courts. He further testified in effect that the only reason he took the child by force either time was because he knew he could not obtain her custody otherwise. He was probably correct about the matter since the child's mother and maternal grandmother admitted that they would not have given him custody of the child peaceably since they knew he would take her to another state and it has been many times held by the courts of Texas and in other jurisdictions that the mother should have the custody of a minor child of tender years unless it is shown she is unfit to assume such responsibilities. Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506; McGarraugh v. McGarraugh, supra; Sawyer v. Bezner, supra. After all, the desire of either parent is not controlling in such a case but the best interest of the child is the paramount issue in such cases and the question of a minor child's custody in such a case is usually addressed to the sound discretion of the trial court, who faces the parties and the witnesses, observes their demeanor and personalities, and feels the forces, powers and influences that cannot be discerned by merely reading the record. The trial court is therefore in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child. For these and other reasons it is a well established rule of law that the judgment of the trial court in such a case will not be disturbed on appeal unless the award of its custody is so contrary to the great preponderance of evidence as to show an abuse of discretion. Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491, and other authorities there cited.

After a careful examination of the record and appellant's points of error, it is our opinion that the record supports the trial court's judgment and that appellant's points of error should all be overruled. The judgment of the trial court is therefore affirmed.