**BEZNER et al. v. SAWYER.**

No. 5936.

Court of Civil Appeals of Texas. Amarillo.
Jan. 10, 1949.

Rehearing Denied Feb. 7, 1949.

PITTS, Chief Justice.

This is a suit for the change of custody of three minor children born to the marriage in former years of appellee, Vyron L. D. Sawyer, and appellant, Lucille Bezner. The said children are boys, namely, Laney Dean Sawyer, age seven years; Vyron Lynn Sawyer, age five years; and Jerry Joe Sawyer, age four years. Since the natural parents of the said children were divorced on May 31, 1945, both of them have married again. Lucille Bezner was married to Leo Bezner who was made a party defendant to this suit and who has joined his wife as an appellant herein.

On January 25, 1947, and previous to the trial of this case, a custody hearing was had between the said parents to determine who should have custody of the said children. That hearing was had before the same trial court that heard this case and the care, custody and control of the said children were then awarded to Lucille Bezner and her husband, Leo Bezner, with visiting privileges at reasonable times and under reasonable circumstances given to Vyron L. D. Sawyer, the father of the children, and Mr. and Mrs. J. T. Sawyer, the paternal grandparents of the children. An appeal was perfected from that judgment. The same was heard by this court and the trial court's judgment was affirmed as reported in Sawyer v. Bezner, 204 S.W.2d 19, Writ Ref., N.R.E.

This case was tried to the court without a jury and judgment was rendered dividing the custody of the children between the parents. An appeal has been perfected and appellants attack the trial court's judgment and charge that it was without authority to render such a judgment under the findings recited in the trial court's judgment and supported by the evidence. In its judgment the trial court found that full custody of the said children had been previously awarded to appellants herein by judgment of the same trial court entered on January 25, 1947, in cause No. 21462–A; that appellants took custody of the said children and had since held their custody under the former order of the said court; that appellee and his present wife and his parents, Mr. and Mrs. J. T. Sawyer, had fully availed themselves of the privilege of visiting the said children as provided for in the trial court's former judgment with the consent and cooperation of the appellants herein; "that there has been no material change of conditions in the welfare or situation of the said children or either of them, or of the said home wherein they live, since the date of said judgment rendered and entered in said cause No. 21462–A;" and that appellants, "Lucille Bezner and Leo Bezner, are fit and proper persons to have and be awarded and exercise the custody and care of said three children and each of them; and that it is to the best interests

of said children and each of them that they should be in the custody of and in the home of their said mother, Lucille Bezner, and her husband, Leo Bezner, with right of visitation remaining and given to said plaintiff, Vyron L. D. Sawyer, to visit them in said home * * *."

The findings of the trial court are amply supported by the evidence and they are not challenged by either party. After making such findings the trial court then denied appellee, Vyron L. D. Sawyer, the right of full custody of the said children as he had prayed for but, notwithstanding the findings heretofore recited, the trial court proceeded to modify its former judgment by decreeing that custody of the said children should remain with appellants as provided for in the said former judgment except that the said children should be delivered to appellee by appellants at four o'clock p.m. on the second Friday of each month and appellee and his wife were to have custody of them for two days each month and return them to appellants at four o'clock p.m. on Sunday following the second Friday of each month. The judgment thus gave appellants full custody of the said children except for two days out of each month when their custody was awarded to appellee. Visiting privileges of the children in the home of appellants were likewise given appellee at reasonable times and under reasonable circumstances during the time appellants have custody of the children. It clearly appears that the only modification of its former judgment by the trial court was the awarding of custody of the said children to appellee for two days out of each month.

Appellants challenge the judgment of the trial court upon the grounds that appellee was charged with the duty of alleging and proving that conditions had so materially changed since the last award of the children was made that it was for the best interest of the said children that their custody be changed before the trial court would have legal authority to change or modify its former judgment. Appellants contend that appellee failed to discharge the duty or burden the law imposed upon

him in order to procure a modification of the trial court's former judgment in cause No. 21462–A and that the trial court found that appellee had not met the requirements of such law.

■ The law is well settled that the finality of a former judgment in a case such as this obtains so long as the conditions and circumstances remain the same and that in order to change or modify a former judgment in such cases, the complaining party must allege and prove that the circumstances and conditions have so materially changed since the rendition of the former judgment awarding custody of the children as to make it necessary or render it to the best interest of the minor children in question to set aside or modify the former decree for the best interest of the children in question. Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77; Oldham v. Oldham, Tex. Civ.App., 135 S.W.2d 564; Sawyer v. Bezner, supra, and numerous other authorities cited in these cases.

■ In the instant case the trial court found that there had been no material changes in conditions and circumstances since its former judgment had been entered. It further found that appellants were suitable persons to have custody of the children and their home was a suitable home for them and that it would be for the best interest of the children to award their custody to appellants and for their best interest that they be kept in the home of appellants. The trial court further found that appellee and his present wife and his parents had been visiting the children in accordance with its former decree and that appellants had been cooperating with them in such visitations. The paramount issue in a case such as this is the best interest of the children. The trial court found the paramount issues favorable to appellants. Yet, for some reason not reflected by the record and not supported by the findings, the trial court modified its former judgment and divided the custody of the children.

Because a divided custody has a tendency to disturb the life of children and is not for their best interest, many courts no longer sanction the dividing of custody of minor children of tender ages between divorced parents, especially when visiting privileges are allowed. This court recently expressed its disapproval of such a practice in the case of Dunn v. Dunn, 217 S.W.2d 124. So long as the question of custody is not rather definitely settled, some parents are inclined to want to reopen the case in order to express their own feelings about the matter, but the desire of the parents is never controlling over the best interest of the children in such a case. What may be best for the parents is not the paramount issue in such a case.

■ The record reveals that appellants protested the actions of the trial court by filing proper exceptions, making objections to the admission of certain testimony and by filing a proper motion for judgment but such were all overruled by the trial court. Under the record it is our opinion that appellee's plea of res judicata should have been sustained by the trial court. For the reasons stated the trial court's judgment is reversed and judgment is here rendered to the effect that the former judgment of the same trial court rendered on January 25, 1947, in cause No. 21462–A between the same parties be not disturbed nor modified in any manner, thus leaving it in full force and effect as to all of its terms. Reversed and rendered.