### MAHAFFEY v. MAHAFFEY.

#### No. 5953.

Court of Civil Appeals of Texas. Amarillo.
Feb. 14, 1949.

Rehearing Denied March 14, 1949.

Boyer, McConnell & Hankins, of Perryton, for appellant.

Branch T. Archer, Jr. and O. M. Calhoun, both of Amarillo, for appellee.

PITTS, Chief Justice.

This is an appeal from a habeas corpus proceeding instituted by relator, Marie Blanche Mahaffey, alleging that respondent, James Edgar Mahaffey, was illegally restraining the liberty of David James Mahaffey and Marsha Ann Mahaffey, two minor children born to relator and respondent during their marriage and prior to

520

the dissolution of their marriage by a divorce decree and that respondent refused to deliver custody of the said children to relator who had been previously awarded legal custody of the said children and was then entitled to have them. Respondent answered with a cross action seeking to modify the judgment of a court in the State of California and obtain custody of the children for himself.

The case was tried to the court with all parties present and without a jury. The trial court found in its judgment that the legal custody of the children was then vested in relator by the terms of a judgment previously entered by a proper court in the State of California; that respondent had failed to show any legal or just reason or cause for the restraint of the liberty of the said children; that the said children were therefore being illegally restrained of their liberty by respondent; that respondent had likewise failed to show any change of the situation or conditions of the parties since the former decree of the California court was rendered such as would justify a change or modification of the said decree; and that relator was entitled to have the possession, custody and control of the said children. The trial court then ordered the said children discharged from the custody and restraint of respondent and further ordered them delivered to relator who was entitled to have possession, custody and control of them. Respondent perfected his appeal and executed a supersedeas bond fixed by the trial court and he still has the custody of the said children pending the outcome of this appeal.

The record reveals that relator and respondent were married on August 8, 1941 and lived together for about six years; that most of their married life was spent in the State of California; that relator was twenty-six years old at the time of the trial and respondent was thirty-seven years old; that two children were born to them during their marriage, namely, David James, six years old, and Marsha Ann, three years old; that relator and respondent separated in the summer of 1947 and an interlocutory judgment of divorce was entered by a court of competent juris-

diction in the State of California on July 30, 1947, and the same was made final on August 11, 1948 granting relator a divorce. The interlocutory judgment awarded custody of the children to relator, their mother, and required respondent, their father, to contribute $50 per month to relator for the support of the children, which was agreed to by respondent and he made such contribution for the support of the children during the time they were in the custody of relator. On December 29, 1947 relator and respondent entered into a written agreement whereby respondent was to take the custody and care of the children then and keep them until September 15, 1948 when he would return them to relator at her home in California on or before September 15, 1948, during which time respondent was not required to pay anything to relator for their support. On the next day, December 30, 1947, the court in California that granted the interlocutory judgment of divorce modified and amended the said judgment to include and approve the said written agreement of the parties and the terms of the contract were again approved on August 11, 1948 in the final decree of the divorce. The respondent took custody of the children on December 30, 1948 and took them to live with his sister and her husband in Hansford County, Texas, where he and they seemingly got along all right but he declined to return the children to relator on September 15, 1948 or at any other time. Such resulted in the filing of this suit on September 22, 1948. The record reveals and respondent testified that he is a paint contractor and has an average income of $500 per month and is fully able financially to support the children. He and the children will continue to live with his sister and brother-in-law if the children are awarded to him. Relator works for Pacific Telephone and Telegraph Company at Merced, California, at a salary of $180 per month and lives with her parents where she will continue to live if the children are awarded to her.

At the request of respondent the trial court filed its findings of fact and conclusions of law, which we think support its judgment. Respondent complains

first that the trial court erred in its failure to file additional findings and conclusions within five days after his request therefor had been made and filed as is required by the Rules of Civil Procedure. The record reveals and the trial judge states that he was holding court in other counties and did not know such request had been made and filed until late on the fourth day after the same was filed and additional findings and conclusions were filed by him the third day thereafter in response to such request. No injury has been shown and in our judgment no error has been shown. Respondent's point to the contrary is overruled.

Respondent complains that the trial court erred in concluding that it did not have jurisdiction to modify the judgment of the court in the State of California insofar as it awarded custody of the children to relator. But the trial court further concluded that it did not have such authority because no change of conditions was shown such as would justify a modification of the judgment of the California court. The trial court further found and concluded that satisfactory proof must be offered establishing the fact that conditions have materially changed since the former judgment had been entered before the same could be modified. It further concluded that full faith and credit should be given the judgment of the court in California until good and sufficient cause has been shown for modifying it. We think the trial court has given a correct and proper enunciation of the law governing such matter and respondent's point to the contrary is overruled. Evans v. Taylor, Tex.Civ. App,. 128 S.W.2d 77 and Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19.

Respondent finally charges, in effect, that the trial court abused its discretion in awarding the custody of the children to relator since such is contrary to the great preponderance of the evidence and will not be for their best interest. In addition to the findings heretofore mentioned and among other findings made, the trial court likewise found that the mother (relator) is in a better position than the father (respondent) to look after the care and welfare of these children of tender ages and that "she is a suitable and proper person to have their care, custody and control from a standpoint of religious training, educational advantages, health, proper nutrition and general welfare."

The evidence was conflicting but the trial judge was the trier of facts and had the exclusive function of determining the credibility of the witnesses and the weight to be given their testimony. He faced the parties and the witnesses, observed their demeanor and personalities, and felt the forces, powers and influences that cannot be discerned by merely reading the record. He was therefore in a better position than one who was not present to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the children. For that reason the awarding of the custody of the minor children in such a case is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. It will likewise be presumed that the trial judge endeavored to award the children to the person best fitted to care for them and his judgment must be construed fairly in an effort to harmonize it with the facts and the law. Tunnell v. Reeves, Tex.Com.App., 35 S.W. 2d 707; Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368; Sawyer v. Bezner, supra; Fleming v. Honeycutt, Tex.Civ.App., 205 S.W.2d 137. It is our opinion that there is evidence of probative force to support the findings and judgment of the trial court and respondent's complaints to the contrary are overruled.

A careful examination of the record and the briefs fails to reveal any errors committed. The judgment of the trial court is therefore affirmed.