## BROWN v. GORMAN HOME REFINERY et al. (No. 11167.) *

(Court of Civil Appeals of Texas. Fort Worth. June 27, 1925. Rehearing Denied Oct. 17, 1925.)

1. **Appeal and error ⟝390—Amended bond, naming defendants, whose pleas of privilege were sustained, as appellees, not permissible, where appeal bond was not filed in time.**

Where appeal bond was not filed within time required by Rev. St. art. 2084, after court sustained certain defendants' pleas of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, appellant cannot complain of such order nor file amended bond naming such defendants as appellees.

2. **Appeal and error ⟝664(1)—Judgment should control in case of conflict with fact findings subsequently filed.**

Judgment should control in case of conflict with findings of fact subsequently filed.

3. **Action ⟝70—Dismissal and nonsuit ⟝28 —Continuance of cause to final judgment held abandonment of action against, and dismissal of, defendants, whose pleas of privilege were sustained.**

Continuation of cause to final judgment, with concurrence of all parties except those whose pleas of privilege had been sustained, amounted to abandonment of cause of action against them and dismissal of them from suit.

4. **Appeal and error ⟝144—Motion by parties, whose pleas of privilege were sustained, to dismiss appeal overruled.**

Motion by parties, whose pleas of privilege were sustained, to dismiss appeal from subsequent judgment for remaining defendants for want of final judgment disposing of movants will be overruled, as they are no longer involved in suit.

5. **Sales ⟝353(8)—Petition held to warrant recovery on debt, acknowledged by dishonored checks, without allegation of notice of dishonor.**

Petition alleging that checks, issued by defendant for oil purchased from plaintiff and his assignors, were not paid when presented, because defendant had no funds in bank on which drawn, *held* sufficient to entitle plaintiff to recover on debt, acknowledged by issuance of checks, without allegation of notice of dishonor, required by Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—89, 6001—185, to recover on checks themselves.

6. **Joint-stock companies and business trusts ⟝19—Judgment against shareholders of bankrupt association may be sustained.**

Under Rev. St. arts. 6149–6153, judgment against individual shareholders, sued as partners, may be sustained, though judgment against unincorporated association, sued as partnership, is worthless, because all its property has been used by bankruptcy court to satisfy preferred claims.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by A. C. Brown against the Gorman Home Refinery and others. Judgment for defendants, and plaintiff appeals. Reversed, and rendered in part.

Grisham Bros. and Thos. J. Pitts, all of Eastland, for appellant.

Turner, Seaberry & Springer, Dabney & Callaway, Burkett, Orr & McCarty, Scott W. Key and J. Frank Sparks, all of Eastland, and S. R. Carruth, of Meridian, for appellees.

BUCK, J. This is an appeal by A. C. Brown from a judgment against him in a suit by him as plaintiff against the Gorman Home Refinery and a number of persons alleged to be stockholders in such refinery for debt, as evidenced by a stated account rendered him by the Gorman Home Refinery, and for debt evidenced by a number of checks issued to him and to his sons by said refinery, but which were not paid when presented to the bank at Gorman. Certain of the checks issued to the sons of plaintiff had been assigned to him, and plaintiff below sued as the holder and owner of all of the checks, and for the debt which the checks represented.

The court instructed the jury to find for plaintiff upon the account stated in the sum of $4,473.23, with legal interest, which the jury did. But, it appearing from the testimony that the plaintiff had already recovered from certain parties mentioned in the original petition and subsequent petitions (the trial being upon the 8th amended petition), and said amounts having been credited on the claim and all costs of suit, and it appearing to the court that the amount so received by plaintiff from such stockholders as had been made parties defendant in the original petition and in subsequent amended petitions, such parties being thereafter dismissed from the suit, exceeded the amount still due on the stated account, and the trial court having held that, inasmuch as the maker of the checks had not been notified within two days after receipt of the checks of the failure of the bank to pay such checks, the maker was discharged thereby under the Negotiable Instruments Act, he rendered judgment for all of the defendants who were in court and had not been dismissed, or who had not had their pleas of privilege sustained and the cause ordered transferred to the respective counties of such defendants as had interposed their plea of privilege.

Louis Otto and A. J. and R. A. Fellers have filed, at a former term of this court, their motion to dismiss the appeal in so far as they are concerned. The ground of their motion is that the trial court sustained their pleas of privilege on May 10, 1924, and ordered the cause, in so far as the plaintiffs sought a recovery against Louis Otto, to be transferred to the district court of Gonzales county, and, in so far as plaintiff sought a recovery against

A. J. and R. A. Fellers, that it be transferred to Bosque county; that the judgment entered thereafter in no wise disposed of or even referred to such defendants, nor did the bond filed make these three defendants obligees, or even refer to them. The bond was filed on June 21, 1924. The judgment was entered June 2, 1924, and the motion for new trial was overruled on June 18th. Appellant has filed a motion for leave to file an amended bond, in which these three defendants are named as appellees. But these three parties have contested the right to file the amended bond. We will discuss the right of appellant to file such bond at this time, or at the time the motion to file the amended bond was made, which was on October 11, 1924.

Article 1903, Rev. Civ. Statutes, 1918 Supp., provides for the filing of pleas of privilege to be sued in the county of one's residence, and the rules with reference thereto, and further provides that either party may appeal from the judgment sustaining or overruling the plea of privilege, and, if the judgment is one sustaining the plea of privilege, and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal.

An appeal is perfected by giving notice of appeal in open court within two days after final judgment, or final order, which shall be noted on the docket and entered of record, and by filing with the clerk an appeal bond or affidavit in lieu thereof within 20 days after the expiration of the term, or, if the term of court may by law continue more than 8 weeks, the bond or affidavit in lieu thereof shall be filed within 20 days after notice of appeal is given, if the party taking the appeal resides in the county, and within 30 days if he resides out of the county. Article 2084, Rev. Statutes.

[1-4] Since the appeal bond was not filed within the required time after the trial court sustained the pleas of privilege of Louis Otto and A. J. and R. A. Fellers, appellant here cannot complain of such order. Nor can we permit appellant to file an amended bond showing such parties to be appellees. While the court in his findings of fact finds that he passed on the issue of the plea of privilege at the time of the hearing in the main suit, yet the judgment sustaining the pleas of privilege was entered some 23 days prior to the judgment in the main cause. We think, in case of conflict between the judgment entered and the findings of fact subsequently filed, that the judgment should control. For all practical purposes, the parties whose pleas of privilege had been sustained were at the time the judgment was entered on the merits out of the Eastland district court, and that court had no further control over their persons. It is true that in Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, the Supreme Court held that on sustaining a plea of privilege the judgment changing the venue should transfer to the proper county the entire case and all parties thereto, including a cross action in that case filed by the defendants. See, also, Hinkle v. Thompson (Tex. Civ. App.) 195 S. W. 311, writ of error refused; Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218, writ of error dismissed. But at least a majority of us conclude that the continuation of the cause, concurred in by all of the parties except those whose pleas of privilege had been sustained, to a final judgment in the Eastland county district court amounted to an abandonment of the plaintiff's cause of action against Otto and the two Fellers, and a dismissal of them from the suit. The writer hesitates to concur in this conclusion. If the majority are correct in this disposition of the case as to these three parties, such parties are no longer involved in the suit, and their motion to dismiss this appeal, because no final judgment was entered disposing of such three parties, should be overruled, and it is accordingly ordered.

The court instructed the jury that as to the checks introduced in evidence they would find for the defendants, and as to the open account sued on by plaintiff they would find for plaintiff in the sum of $4,473.23. But in the judgment the court found that plaintiff had collected and had received payments from parties who had been made defendants more than sufficient to pay off and extinguish the amount of said indebtedness, and rendered judgment for the defendants. Plaintiff has appealed.

[5] We will now consider whether the court's action in rendering judgment against plaintiff as to the checks was justified. In plaintiff's eighth amended petition he pleaded that the defendant Gorman Home Refinery was a joint company or association, with named trustees, and he sued this association as well as a large number of the individual stockholders thereof. He alleged that the defendant refinery had purchased oil from him and his sons, and that the interest of his sons had been subsequently assigned to him. He alleged that the defendant refinery had on various dates issued to the plaintiff certain checks in the payment of oil purchased, but that said checks were not paid when presented to the Farmers' State Bank & Trust Company of Gorman, on which the checks were drawn, because said association had no funds therein. We think the petition is sufficient to show that plaintiff pleaded a debt owing by the refinery and its shareholders, and that for a part of the debt checks had been issued. We do not understand that his pleadings should be so construed as to show that he was suing on the checks themselves, but that he merely referred to the checks as evidence of the correctness of a part of his claims. The defendants urge that the trial court was justified in giving the peremptory charge for defendants as to the recovery sought on the checks. In

support of their contention they cite articles 6001—89 and 6001—185, Vernon's Ann. Civ. St. Supp. 1922, which read as follows:

Article 6001—89: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Article 6001—185: "A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

Appellees cite the case of Commercial State Bank v. Harkrider-Keith-Cooke Co., 250 S. W. 1069, by this court, opinion by Chief Justice Conner. In that case the plaintiff company sued the bank for the amount of a check issued in favor of plaintiff, on April 19, 1920, by Mack & Rogers. It was alleged that on the same day plaintiff placed the check in its own bank for collection, and that said check was delivered to the defendant bank on April 20th; that it was not returned to plaintiff's bank until April 23d, when it was returned unpaid, marked "insufficient funds;" that the drawer of the check had failed before plaintiff was notified of the nonpayment. Plaintiff, as the payee of the check, sued defendant. We can see how the payee of a check, who has indorsed it for collection, and deposited it in his own bank, would be entitled to notice from the bank on which the check was drawn, but at least some of us are unable to see how one who draws a check on his own bank in which he has no money is entitled to notice of the nonpayment of the check. Another case cited by appellees is First National Bank v. Lee County Cotton Oil Co. (Tex. Civ. App.) 250 S. W. 313, writ of error granted April 4, 1923, though we are not advised as to whether the Supreme Court has passed on the case yet. In that case the First National Bank of Giddings sued the Lee Cotton Oil Company as acceptor or drawee of certain bills of exchange and sight drafts. The sight drafts and bills of exchange were transferred by the cotton oil company by blank indorsement, for a valuable consideration, before maturity, without notice, and the bank became the owner thereof in due course of trade. The suit was filed before the first term of the district court of Lee county after dishonor of said sight drafts and bills of exchange by nonpayment. However, the petition did not so allege, nor did it allege that notice of dishonor had been given drawers and indorsers as required by law to fix their liability on the sight drafts and bills of exchange sued on. We think this case is easily distinguishable from the present suit.

However, we are of the opinion that plaintiff's petition was sufficient to entitle him to a recovery on the debt, which had been ac-knowledged by the issuance of the checks, and that the trial court erred in rendering judgment for the defendants as to the amount represented by the checks. We think that the judgment should have been for plaintiff as to said amount. The judgment below will be so reformed as to give plaintiff judgment for the amount represented by the checks, which seems to be $6,403.11, added to the amount of the stated account, which seems to be $4,473.23, less the amount of the payments, which the court found was $6,103, which makes the amount to which plaintiff is entitled $4,773.34, for which judgment is entered, with interest at 6 per cent. per annum from January 1, 1921.

[6] Under article 6153, Rev. Statutes, in a suit against an unincorporated company or association, judgment may be had against such unincorporated company or association, and it shall be equally binding against the stockholders or members so served. Said article further provides:

"But executions shall not issue against the individual property of the stockholders or members until execution against the joint property has been returned without satisfaction."

The record discloses that on May 26, 1921, the Gorman Home Refinery was adjudged a bankrupt, and that prior to March 15, 1923, its affairs had been administered. Appellee urges that, the company or association having been taken out of the hands of the officers of the company, and put in the hands of the trustees in bankruptcy, who succeeded to all the rights of the trustees in so far as winding up its affairs was concerned, the company as such ceased to exist, and the officers and trustees were deprived of their power and authority, and that suit could not be maintained against the company as such, when it had ceased to exist. The association or company was sued as a partnership, and the shareholders as partners. If at the time of the suit or of the trial the partnership as such had been dissolved, either by act of the partners or by act of law and by reason of bankruptcy, it would not in any way affect the liability of the individual shareholder. The evidence shows that the Farmers' State Bank & Trust Company, at the time these debts accrued for which plaintiff sued, had a mortgage on all of the property of the Refinery for money loaned to it and furnished by the bank for the operation of the business. An ordinary partnership can only be sued through its members, but an unincorporated stock company or association may be sued in its distinguishing name, and service may be had on the president, secretary, treasurer, and general agent. Arts. 6149, 6150, Rev. Statutes. A judgment against the company as such binds the individual shareholders, although not served, as to their interest in the property of such company, but, in order to obtain judgment against the shareholders in

their individual capacity, service must be had on such shareholders. Articles 6151, 6152, 6153, Rev. Statutes.

We see no reason why the judgment in this case against the individual shareholders cited, and in court at the time of the trial, should not be sustained, although a judgment against the association as such may be worthless, by reason of the fact that all of its property has been used by the bankrupt court to satisfy preferred claims.

Judgment reversed in part and here rendered for appellant, and left undisturbed in part.