### BLEVINS et al. v. HARRIS et al.
### No. 14222.

Court of Civil Appeals of Texas.
Fort Worth.
April 25, 1941.

D. A. Webb, of Fort Worth, for appellants.

Simon & Wynn and E. H. Ratcliff, all of Fort Worth, for appellees.

SPEER, Justice.

Rosemary Harris, to whom we shall refer as plaintiff, joined pro forma by her husband, instituted this suit against Charles Guy Blevins, Charles W. Blevins and his wife, Mayme Davis Blevins, to whom we shall refer as defendants, in form of habeas corpus petition for custody of Lynda Lou Blevins, a child born to Mrs. Harris and Charles Guy Blevins while they were husband and wife.

By a decree entered in the 96th District Court of Tarrant County, on July 23rd, 1938, Charles Guy Blevins and his former wife, Rosemary Blevins (now Harris) were divorced, and the exclusive custody of the child was awarded to the father. On April 8th, 1939, that court, under allegations and proof of "changed conditions", modified the custody order so as to give the mother of the child custody for one hour in each month. On April 17th, 1939, in cause No. 24909–A, styled "Ex Parte Charles W. Blevins et ux.", in said 96th District Court of Tarrant County, the child was purportedly adopted by relators in that proceeding.

This action was instituted in the 17th District Court of Tarrant County, on July 1st, 1940, and tried upon an amended petition filed on July 5th, 1940, alleging changed conditions since the orders above mentioned. Judgment was entered by the court holding the adoption proceedings void and changing the former custody orders to the extent that Charles Guy Blevins "Shall have and is hereby given the exclusive custody, control, rearing and training of his minor daughter, Lynda Lou Blevins. It is further ordered, adjudged and decreed by the court, that the plaintiff herein, Mrs. Rosemary Harris, shall have the right to and is hereby given the right to have said minor child, Lynda Lou Blevins, visit and be with her and in her custody once a month, from 5:00 P. M. on the last Friday in each and every month to 7:00 P. M. on the Sunday following such last Friday in each and every month." Provisions are made in the judgment for delivery of the child by the respective parties. From the judgment entered, defendants have appealed.

Defendants challenge the jurisdiction of the 17th District Court to hear and determine plaintiffs' allegations of changed conditions and to alter the 96th District Court's previous orders on custody. Under authority of Lakey v. McCarroll, 134

Tex. 191, 134 S.W.2d 1016, defendants' contention cannot be sustained.

■ Defendants timely filed a request for findings of fact and conclusions of law. None were filed by the court, and this is assigned as error. The record does not disclose that the court's failure to file such findings and conclusions was subsequently called to the Judge's attention, as provided by Article 2247, R.C.S., Vernon's Ann.Civ.St. art. 2247. The last cited article being general and is not repealed or amended by the Special Practice Act contained in Article 2092, R.C.S., Vernon's Ann.Civ.St. art. 2092, is applicable in this case. Article 2093, R.C.S. The assignment is overruled.

■ The remaining assignments of error and related propositions complain of the judgment wherein the adoption proceedings in cause No. 24909–A in the 96th District Court were held to be void and were set aside. It is claimed that because of that error the trial court was without jurisdiction to hear and determine further changes in the former orders and awards of custody of the child. We cannot wholly agree with the contention presented.

Custody of this four-year old child is a question determinable by any district court in this State having jurisdictional venue. Lakey v. McCarroll, supra. This is true irrespective of who the custodian may be, whether father, mother, relative or person claiming the right under adoption proceedings. The welfare of the child is the thing to which the court will look when the question arises. The best interest of such a child, such as the one involved here, is the controlling factor with our courts. The solicitude of the State is that the best interest of the helpless child shall be the test, and a very broad discretionary power is entrusted to the courts to effectuate this noble purpose. The policy of our law in this respect is that estranged parents cannot properly and adequately solve the problem. Jealousy, bitterness and hate existing between parents, common in most cases like this, lend no aid but make the question more difficult of solution by the courts. We have carefully studied the testimony offered and find it ample to justify the court's judgment insofar as the custody of the little girl is concerned. To this extent the assignments of error are overruled.

■ From a study of the record before us we have definitely concluded that the trial court erred in that part of the judgment setting aside and holding void the adoption decree by the 96th District Court. That court is one of general and potential jurisdiction in such matters. Again, the child's interest is of paramount importance, as compared to that of any other interested party. Her future welfare extending to that of inheritance from her foster parents must be guarded with jealous care. Therefore the adoption proceedings may not be treated lightly. Clearly such attack on that judgment as was made by plaintiff in the 17th District Court was a collateral one. Milner v. Gatlin et al., Tex.Com.App., 261 S.W. 1003, adopted by the Supreme Court. We are not to be understood, from what is said, that a collateral attack could not be made upon the judgment of adoption entered by the 96th District Court, for indeed the reverse is the law of this State, but sufficient facts must be pleaded which, when proved, will show that the judgment so attacked was void. This rule is recognized by Milner v. Gatlin et al., supra. See also the discussion of the point in the dissenting opinion of Justice Hodges in the same case, reported in Tex.Civ.App., 211 S.W. 617.

The pleadings of plaintiffs in this case were insufficient to form the basis of a collateral attack on a judgment rendered by the 96th District Court. In fact, such criticism of that judgment as was attempted to be plead appears to have been rather incidental as disclosed by the conclusions stated by the pleader; moreover, the prayer does not ask that the judgment of adoption be vacated or invalidated. There is no evidence of probative force to be found in the record to support a judgment voiding the adoption judgment, even if there had been pleadings to support it. The judgment of the 96th District Court is not in this record anywhere. We do not know its contents and obviously the trial court did not know. In such circumstances we cannot approve that part of the judgment entered in the instant case which attempts to nullify the judgment of another District Court clothed with potential power to enter the judgment so attacked.

■ We hold that the controversy involving the custody of the minor child in

this case is divisible and determinable independently of the adoption proceedings had in the 96th District Court. For the reasons hereinabove pointed out, we therefore affirm that part of the trial court's judgment awarding the custody of the little girl as was done, and reverse and remand that part of the judgment entered which declared the adoption judgment entered in the 96th District Court void and set it aside.

In view of the disposition we have made of this appeal, the costs of this appeal are taxed one-half against plaintiff and the other half against defendants and the sureties on their appeal and supersedeas bonds. Affirmed in part and reversed and remanded in part.