**George G. MITCHELL, Jr., Appellant,**

**v.**

**Barbara E. MITCHELL, Appellee.**

**No. 6531.**

Court of Civil Appeals of Texas.

Beaumont.

June 13, 1963.

Earl B. Stover, Silsbee, for appellant.

Carl Vaughan, Port Arthur, for appellee.

HIGHTOWER, Chief Justice.

This is a child custody suit. On July 18, 1961, suit was brought by Barbara Mitchell, appellee herein, in the district court of Hardin County, Texas, for judgment changing, altering and modifying a judgment heretofore entered by a California court in favor of George Mitchell, Jr., appellant herein, for the care, custody and control of the parties' three young daughters and son of the ages of 16, 10, 9 and 8, respectively. The previous California judgment sought to be modified was the result of a divorce and custody case between the parties which was tried before the Superior Court of the State of California in and for the County of Orange on January 25, 1961. This California judgment, entered March 1, 1961, bestowed full custodial rights of the children to appellant, with the right of reasonable visitation to appellee. Reference is made to pertinent parts of said court's findings of fact upon which its judgment was based.[1]

1. "V. The minor children of the parties hereinabove named are now in the custody of plaintiff and the plaintiff is a fit and proper person to have and be awarded the care, custody and control of the said children, and the court further finds that the best interests of the minor children demand that they be kept in the custody of the plaintiff until further order of the court. The court finds that the defendant is neither a fit nor proper person to have the care, custody or control of the minor children, or any of them.

"VI. Defendant, in disregard as her duties as wife towards plaintiff, has been guilty of habitual intemperance continuously for more than one year prior to the separation of the parties and she has, during all of said period, used intoxicating drinks to such an extent that she was disqualified a great portion of the time from properly attending to her work as housewife and mother of said children, and to such an extent as would and did reasonably inflict great mental anguish on plaintiff.

"VII. Since the marriage of the parties, defendant and cross complainant has treated plaintiff and cross defendant with extreme cruelty and has wrongfully inflicted upon him grievous mental suffering. Particularly this court finds that:

1. Defendant, during a period in March, 1959, neglected her house and home by allowing it to become dirty and untidy, refusing to wash the dirty dishes, refusing to sweep and mop the dirty floors, refusing to pick up soiled and dirty clothing which had been discarded and were strewn about the house, refused to make the beds which had been slept in, neglected the children by failing to maintain adequate food in the house, failed to prepare the regular meals. This same conduct occurred during June, August, October, November, December, 1959, February, March, April and May, 1960.

2. During March, 1959, defendant permitted herself to pass out by reason of prior indulgence of alcohol in front of the Garden Grove News, a newspaper in Garden Grove, California, and did by virtue thereof attract a number of specta-

Appellant, on the date of suit in Hardin County, and some years prior thereto, was a member of the United States Marine Corps. On said date, he and said children were on a temporary visit from California to his parents in Hardin County. About this time, he was served with order from the Hardin County District Court temporarily restraining him from returning with his children to his home and residence in Orange County, California. Shortly thereafter, he filed his plea to the jurisdiction of the Hardin County court and upon the same being overruled by said court, he filed his answer of a general denial. After a hearing before the court without a jury, said court proceeded to modify the judgment of the California court by giving custody of the children to appellee from the 1st day of July to the 15th day of August of each year, and thereafter adjudging that their custody be in appellant. This judgment was rendered and entered by the trial court August 21, 1961.

■ We sustain appellant's contentions to the effect that the trial court abused its discretion (1) in taking jurisdiction of the case and (2) in modifying said California judgment, there being no material

tors and men from said newspaper, who attempted to revive defendant with hot coffee.

3. That during the month of June, 1959, while incapacitated from the prior indulgence of alcoholic beverages and while intoxicated, defendant drove into a patrol car, was arrested and jailed in the Orange County Jail, requiring plaintiff to borrow the sum of $263.00 for defendant's bail in order to obtain defendant's release. Defendant was subsequently convicted upon a charge of driving while under the influence of alcohol.

4. That during the month of August, 1959, after inviting a group of children below the age of ten years to visit the home of the parties, defendant became incapacitated to supervise such children by reason of the prior indulgence in intoxicating liquor.

5. That during the month of February, 1960, because of being under the influence of intoxicating liquor, defendant was unable to pick up her husband who was stranded at March Air Force Base, although said husband had requested her to do so, not knowing at the time of said request that she was intoxicated.

6. That during the month of March, 1960, defendant while intoxicated forced the daughter of the parties, Peggy Ann Mitchell, age 10 years, to blow her nose while it was bleeding.

7. That during the month of March, 1960, while intoxicated, defendant negligently set fire to the living room carpeting.

8. That during the month of April, 1960, defendant without just cause slapped Bonnie Sue, daughter of the parties, chased said child about the house and yard with a rake and when said child sought sanctuary in the bathroom of said house, defendant threatened to chop the bathroom door down with an axe and subsequently thereto defendant locked said Bonnie Sue out of the house until a late hour of the evening.

9. That during the month of May, 1960, defendant deserted and abandoned plaintiff and the minor children of the parties.

10. That on the 21st, 22nd and 23rd of May, 1960, defendant, having returned to the house of the parties, continually consumed alcoholic liquor until she passed out in a drunken stupor.

11. That on or about May 24, 1960, in the presence of the minor children of the parties, plaintiff feigned a suicide attempt and caused a neighbor woman to be brought to the home to save said defendant from herself.

12. That on or about May 24, 1960, while in an intoxicated condition, defendant caused or nearly caused, through negligence, a fire to be started in said house.

13. That on or about May 24, 1960, defendant passed out on the living room floor of the house of the parties and caused one of her children to bring a neighbor man to the house to revive said defendant.

* * *."

change of conditions established from the time of the same.

From the findings of facts upon which the California judgment was based, it is made to appear quite plainly that said court found appellant herein to be seriously addicted to the use of intoxicants and that it considered her totally unfit to have the custody of any of the minor children herein involved. In Short v. Short, Tex., 354 S.W. 2d 933, the Supreme Court, in quoting Justice Barrow of the San Antonio Court of Civil Appeals, 350 S.W.2d 397, stated:

"But when a court of competent jurisdiction, in a proceeding in which a mother was present and represented by counsel in a full and fair hearing, has found and rendered judgment that she has so conducted or misconducted herself as to positively disqualify herself to have such custody, the judgment is res judicata and extinguishes her right and privilege. The burden of proof is on her in a subsequent proceeding to show material changes that require, in the interest of the children, that their custody be changed."

It remains then to determine what material changes have occurred in and/or between the parties hereto and said minor children. First, let us recognize that the present suit was filed in Hardin County, Texas, only 140 days after a hearing was had and judgment was rendered between the same parties over the same subject matter on March 1, 1961, in the State of California. It is established by the testimony of appellee and her parents that said parents had agreed to take appellee and the minor children into their home for such duration that the trial court should see fit to grant their custody to appellee. It is established that appellee's parents were well able to provide for these children, that they loved them, and that said home was a proper and suitable one. The District Court of Hardin

County, in support of its judgment, filed findings of facts and conclusions of law, the pertinent parts of which are in substance that: There has been a change of conditions in the following respects:

That appellee has resided continuously with Mr. and Mrs. J. S. Trim, her mother and father, the maternal grandparents of the children herein involved; that both maternal grandparents are characterized by stability, dependability, a sound religious environment and sound responsible citizens of Jefferson County, Texas; that since the granting of the California divorce, appellee has shown vast improvement in her physical and mental condition, "and even volunteered to place herself on daily and weekly probation to the court"; that the court finds that appellee, *while living with her parents,* to be a fit and proper mother, suitable to have the custody of the children during the normal summer school vacation; that there is great love and affection by the mother and maternal grandparents for said children. (Emphasis added.)

It is to be noticed by the foregoing findings that the trial court did not find appellee to be a proper person to have the custody of the children. It only found her to be suitable to have their custody while she lived with her parents. The sum and substance of the trial court's findings is simply the thinly veiled implication that as between appellee and her parents, said parents are the only ones found by the court to be fit and proper persons for the custody of these children. This is not sufficient grounds upon which the California judgment could be modified. As stated by the Supreme Court in Ogletree v. Crates, Tex., 363 S.W. 2d 431:

"There may be a technical distinction between a suit to obtain custody and possession of a minor child through modification of a final judgment and a suit to obtain custody of the child by

setting aside a final judgment, but the broad cause of action and relief sought * * * are both the same."

Again, in Short v. Short, supra, the Supreme Court reiterated the well established rule of law by stating:

"A showing of only slight change of conditions is not sufficient grounds to change custody of children. Frequent custody hearings are discouraged and not encouraged. It is our opinion that the trial court abused its discretion in taking custody of the children from their father and awarding it to their mother. Leonard v. Leonard, 218 S.W. 2d 296 (Tex.Civ.App. no writ hist.)."

Again, as stated in Mumma v. Aguirre, Tex., 364 S.W.2d 220:

"However, wholly aside from the binding force of the rule of res judicata, the law favors a high degree of stability in a young child's home and surroundings, and to achieve that stability will not *permit* a change of custody, once judicially determined, except upon a showing of *materially* changed conditions, Short v. Short, Tex.Sup., 354 S.W.2d 933; and will not *require* it, even then, unless denying it would constitute an abuse of discretion by the trial judge. Taylor v. Meek, 154 Tex. 305, 311, 276 S.W.2d 787, 790."

Although the trial court has found as a fact that the California judgment was interlocutory rather than a final judgment, we have found no basis in the record for such conclusion. The record fails to reflect that Rule 184, T.R.C.P., was invoked for the purpose of having the trial court take judicial knowledge of the statutory or common law of the State of California and the California law of res judicata is presumed to be the same as Texas law where no proof of California law was introduced. Ogletree v. Crates, supra.

Moreover, if our courts were to take jurisdiction of cases in circumstances such as these, any suitable person having legal custody of a child by reason of a foreign judgment solemnly pronounced would travel through our state at the peril of being harrassed by litigation at the whim of any party to the prior suit who might consider a Texas court a more propitious forum. The practice of assuming jurisdiction under such circumstances is not sanctioned by our courts. Wicks et al. v. Cox et al., 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1.

Being of the opinion that the honorable trial court was in error in the first instance in assuming jurisdiction of this custody case and in determining that there had been a material change in conditions since the California decree as to warrant a modification of the same, we must reverse its judgment, and judgment is here rendered in accordance with this opinion in favor of appellant.

Reversed and rendered.