**Viola TROUTMAN, Appellant,**

v.

**Carl TROUTMAN, Appellee.**

No. 7934.

Court of Civil Appeals of Texas.

Amarillo.

June 2, 1969.

932

Ochsner, Nobles & Baughman and Frank J. Baughman, Amarillo, on appeal only, for appellant.

Lovell, Lyle & Cobb and Hugh T. Lyle, Dumas, for appellee.

JOY, Justice.

This is a child custody case.

Viola Troutman, the mother and appellant here, and Carl Troutman, the father and appellee, were divorced on February 16, 1968, and custody of a minor son was awarded to appellant. On May 24, 1968, appellee instituted a suit for change of custody contending change of conditions subsequent to the divorce. Jury was waived and trial had before the court on September 19, 1968. The court entered its order changing custody to the father, and the mother perfected this appeal. Findings of fact and conclusions of law were filed by the trial court.

Appellant's Points 1, 3 and 4 contend, in effect, that the trial judge committed an abuse of discretion by changing custody when the evidence did not reflect a material change of conditions. This is a question of law requiring a review and appraisal of the facts. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. We will not unduly burden this opinion by citing verbatim all findings of fact and conclusions of law, but will give only those findings we feel are material to the disposition of this case. The trial court made some sixteen findings, among them being (1) the mother kept company with a married man that was separated from his wife, after a divorce had been instituted but prior to final hearing, (2) the mother had plans to marry the man but did not disclose this to the eleven year old son and the son learned of this from other parties to his embarrassment, (3) the mother authorized the correction of the son by her man friend with no explanation to the son to his resentment, (4) the mother believed that married men, separated from their wives with a divorce pending, were "fair (open) game" for another woman, and she would apply this code of conduct to her own son and daughters (three, all of whom were married at the time of this trial), (5) the man that the mother intended to marry drank liquor moderately and kept it in his home, (6) the son was not accustomed to liquor being kept in the home and did not approve of this action, (7) the mother had plans to move to another locality upon her remarriage and (8) the son desired to remain where he had been living all his life and live with his father. There also was a finding that there was no pleading alleging nor evidence showing either the mother or father to be unfit for the custody of the minor son, along with other findings immaterial to the disposition of this case.

In Taylor v. Taylor, 42 S.W.2d 455, 456 (Tex.Civ.App. n.w.h.) it is stated:

Ordinarily where the custody of minor children is involved, the best interest of

the children is the paramount issue. (Citing cases) * * *. The question as to which of the two homes will best promote the interest of the minors is a question of fact. The authority and discretion to weigh the testimony and to determine where the best interest of the minors will be subserved is vested in the trial court, and the appellate court should not disturb the judgment of the trial court unless it is so contrary to the great preponderance of the testimony as to reveal an abuse of that discretion." (Citing cases).

In Evans v. Taylor, 128 S.W.2d 77, 79 (Tex.Civ.App. n.w.h.), the court stated:

"In order to warrant a change or modification of the order the true test seems to be that the proof must show the 'situation and character of the respective parties have so changed as to render it to the [best] interest of the infant' that the former order be set aside or modified. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 947, 97 Am.St.Rep. 928."

■ The trial court recited additionally as one of its findings that three of the minor son's school teachers testified that the minor was intelligent, well adjusted and had the maturity to express an intelligent preference as to his care, custody and control. The appellant points out the language used by our courts in Leonard v. Leonard, 218 S.W.2d 296 (Tex.Civ.App. n.w.h.) and Mitchell v. Mitchell, 369 S.W.2d 684 (Tex. Civ.App. n.w.h.) making reference to the relatively short periods of time in those cases between the time of divorce and the date of the filing of the suits for custody change, the first being 110 days and the second 140 days. We agree that the time between the date of divorce and the filing of the custody change suit is an important consideration in these cases, but is not controlling in looking to the best interest and welfare of minor children. In this case only 98 days had elapsed between the dates,

though there was a time lapse of some seven months from divorce to hearing on the merits of the custody change suit. From the record we find evidence of conditions during the seven month period, therefore, we do not think the short period between divorce and filing is controlling in view of the findings of the trial court as substantiated by the evidence. Our rules of res judicata should be respected in order that litigation may be minimized, but in all cases the prime and foremost consideration is the best interest and welfare of the minor children. After a careful review of the entire record in this case, we think there is evidence of probative force to substantiate the findings of the trial court that there were material changes of conditions subsequent to the divorce order.

■ Appellant's second assignment pertains to the admission into evidence of a letter written to the father by the mother a week or more before the divorce was granted. The trial court admitted the writing with the statement that "I am going to * * * admit this instrument in evidence as plaintiff's Exhibit No. I * * * to show the condition, if it does, in fact, show the condition on the date of the divorce and for no other reason." We can only presume that the trial judge abided by this statement and restricted the purpose for which it was admitted, or ignored the writing altogether if he did not find it served any purpose. We think the error, if any, was harmless. Rule 434, Texas Rules of Civil Procedure.

The trial court was in a position of being able to judge, better than anyone else, the credibility of the witnesses, their demeanor and conduct during the trial and evaluating the virtues and general character of the parties involved. In this light we do not think, even though we might not have reached the same conclusion, that the trial court abused its discretion by a great preponderance of the evidence. Affirmed.