Danny KESTERSON et al., Appellants,

v.

Julia Paulette KESTERSON, Appellee.

No. 8067.

Court of Civil Appeals of Texas, Texarkana.

Nov. 2, 1971.

---

Donald Friedman, Harkness, Friedman & Kusin, Texarkana, for appellants.

Guy Jones, Texarkana, for appellee.

CHADICK, Chief Justice.

The appellant, Danny Kesterson, and his mother, Lucille Kesterson, a widow, have briefed these two points of error:

"Point Number One—The Trial Court erred in recognizing the temporary order entered by the Court of the State of Oklahoma, inasmuch as the record reflects that the Court in the State of Oklahoma had no jurisdiction to enter said temporary order.

"Point Number Two—The Trial Court erred in attempting to give full faith and credit to the temporary order of the Oklahoma Court."

The appellee, Julia Paulette Kesterson, has not filed a brief, but it appears that a revision of the trial court judgment would not be required, even though error be conceded in both respects. The basis of this conclusion will be discussed.

This appeal is from a child custody proceeding initiated in the trial court by application for writ of habeas corpus on May 5, 1971. Evelyn Denise Kesterson, a female child two years of age at the time the proceeding commenced, was born of the marriage union of Julia Paulette Kesterson and Danny Kesterson. The record shows the marriage was somewhat tempestuous and punctuated by a number of separations, the last being aggravated by Danny Kesterson taking custody of the child and bringing it to his mother's home in Bowie County, Texas. One or more abortive divorce suits were filed, and as matters stood at the time of the trial a suit for divorce filed by Julia Paulette Kesterson v. Danny Kesterson was pending in McCurtain County, Oklahoma.

The Oklahoma court had previous to institution of this proceeding entered an order giving Julia Paulette Kesterson temporary custody of the child. Danny Kesterson and his mother had refused permission upon one or more occasions prior to May 5, 1971, for Julia Paulette Kesterson to see or visit the child, and on that date recourse was had to the Texas court as indicated. All parties, including the child, were in Texas at all relevant times and before or within the jurisdiction of the District Court of Bowie County, Texas, wherein the judgment under review was entered.

When the custody of a child is at issue, it is a settled practice in Texas for the rights of the contending parties to be settled by a district court in the exercise of its equitable powers when invoked by application for a writ of habeas corpus. 277 Tex. Jur.2d, § 31 (1961) (see cases listed under footnotes 18 and 19). The writ application initiates a civil action in which the welfare of the child is the determinative factor and in such suits the court is authorized and empowered to determine all questions arising with respect to the custody of the child in conformity with its welfare and best interest. See the previous citation and

cases footnoted. The court's power extends to a determination of alleged changed conditions occurring after entry of a custody judgment in a divorce proceeding. Blevins v. Harris, 150 S.W.2d 813 (Tex.Civ.App. Fort Worth 1941, no writ).

■■■ In view of the jurisdiction and powers of the trial court in a proceeding of this nature the introduction of the Oklahoma Court's order has little significance. (Any error connected with violation of the rules of evidence in admission of the order is not presented by this appeal, only its probative quality and effect is questioned). Danny Kesterson and his mother offered testimony tending to show the care, nurture and surroundings of this child in their custody would be superior to that offered by its mother. On the other hand, the mother, Julia Paulette Kesterson, tendered evidence that she could furnish the child adequate care, nurture and living conditions. The trial judge on the basis of such evidence, and without recourse to the order made by the Oklahoma court, could have and impliedly did, find the child's welfare at its tender age would be best served by the protection of its mother's custody. No reversible error appears when the record as a whole is considered.

The judgment of the trial court is affirmed.