**Betty BROWN, Appellant,**

v.

**Wade BROWN, Appellee.**

**No. 8151.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 28, 1973.

L. F. Burke, Longview, for appellant.

Joseph V. Semon, Kraus, Fiedler & Semon, Richardson, for appellee.

CORNELIUS, Justice.

This is a child custody case involving two girls born to the marriage of appellant and appellee. The parents were divorced on September 15, 1971, by judgment of the Domestic Relations Court of Tarrant County, Texas. The girls were 5 and 8 years of age respectively at that time. The divorce judgment awarded custody to appellant, the mother and specified visitation rights for appellee, the father. Shortly prior to June 30, 1972, appellee picked up the girls in Dallas County for a visit. He brought them to Longview, Texas, where on June 30, 1972 he obtained a temporary restraining order from the Domestic Relations Court

of Gregg County, directed to the appellant, which in effect gave him temporary custody of the girls and which ordered the appellant not to attempt to retake possession of the children pending the hearing on an application for change of custody which appellee had filed along with the application for the restraining order. After being served with this restraining order appellant made application to the same court for a writ of habeas corpus for possession of the children. The writ was issued to appellee, commanding him to produce the girls on October 11, 1972. After a postponement the girls were produced in court on October 18, 1972, and the trial was held on the habeas corpus and on the merits of the change of custody application together. Pending the decision of the court on permanent custody, the trial court placed the girls in the temporary custody of a child welfare worker. After hearing evidence on both the writ of habeas corpus and the merits of the application for change of custody the trial court entered its judgment on November 8, 1972, changing the custody of the girls from appellant to appellee and vesting visitation rights in the appellant.

Appellant presents two "exceptions" and nine points of error on this appeal. In these the appellant in effect urges that the trial court erred in that (1) the testimony of Dr. Ohler, a psychologist who testified for appellee, was prohibited by section 3.54 (d) of the Family Code, V.T.C.A., and was hearsay and inadmissible; (2) the court should not have awarded temporary custody of the children to the appellee by the ex parte restraining order dated June 30, 1972; (3) the trial court should not have placed the girls with a welfare worker after their production in court on the writ of habeas corpus, but should have awarded them to appellant immediately; (4) the court should not have tried the change of custody petition on the merits at the same time as the hearing on the writ of habeas corpus; (5) there was no change of conditions shown which was sufficient to justify a change of custody from the appellant to the appellee;

(6) there was no showing of the "conditions" at the time of the divorce decree, and therefore there could not have been a showing of any change in conditions since said time; (7) the trial court should have awarded the custody of the girls to the mother, since they were of tender age; and (8) the findings of fact and conclusions of law of the trial court were not timely filed and should be stricken.

■ The testimony of Dr. Ohler was offered by appellee to show that material changes had occurred in the surroundings and home environment of the girls and in their personalities and attitudes, which rendered a change in custody imperative for their best interests and welfare. As far as Sec. 3.54(d) of the Family Code is concerned, it did not prohibit Dr. Ohler's testimony because the testimony showed that he had never counseled appellant or appellee in connection with their divorce, but had only been engaged after the divorce to interview and counsel the girls and evaluate their welfare and the situation as it existed subsequent to the divorce and while they had been in the custody of their mother. Sec. 3.54(d) only prohibits the testimony of one who has counseled the parties to a divorce, as it provides:

"§ 3.54, Counseling

\* \* \* \* \* \*

"(d) No person who has counseled parties to a suit for divorce under this section is competent to testify in any action involving the parties or their children."

We do not believe that Dr. Ohler's testimony in this proceeding was within the prohibition of that provision. As to the contention that Dr. Ohler's testimony was hearsay and should not have been admitted, it is well settled that in child custody matters the trial court has a wide latitude of discretion in considering testimony and evidence, including opinion evidence of expert witnesses, which assists the court in deciding what conditions are detrimental or ad-

vantageous to the children for the purposes of deciding who should have custody of them. Perdue v. Walden, 282 S.W.2d 744 (Tex.Civ.App. Waco 1955, no writ); Williams v. Guynes, 97 S.W.2d 988 (Tex.Civ. App. El Paso 1936, no writ). This rule has been held to apply to ex parte reports of investigators or other experts concerning their investigations of the welfare of the children and the nature of their environment. Williams v. Guynes, supra; Cooksey v. Perkins, 263 S.W.2d 952 (Tex.Civ.App. Galveston 1954, ref'd, n. r. e.). It was therefore not error for the court to allow Dr. Ohler's testimony.

 It is also urged that the trial court erred in giving appellee temporary custody by the restraining order of June 30, 1972. It is settled that the trial court may enter such temporary emergency orders concerning the custody of minors as appears to it to be necessary for their welfare and protection. Although those orders may take varied forms, a temporary restraining order without notice, issued upon verified ex parte application, such as the one issued here, has been expressly upheld by our Supreme Court. Page v. Sherrill, 415 S.W.2d 642 (Tex.Sup.1967). Such an order is allowed even though its effect is to take the temporary custody of the minor from one who has legal custody under a prior judgment. As said by Chief Justice Calvert in the *Page* case.

"Such action may, by necessity, consist of a temporary taking of a child from the possession of its legal custodian, with or without notice, pending a full hearing."

The cases of Widner v. Pixley, 439 S.W.2d 403 (Tex.Civ.App. Beaumont 1969, no writ), and Green v. Green, 146 S.W. 567 (Tex. Civ.App. Amarillo 1912, dism'd) also affirm these principles. Therefore, appellant's contention in this respect is overruled.

 Appellant urges that since she petitioned for a writ of habeas corpus to produce the children, and since at the time the children were produced before the court she was legally entitled to their custody under a previously rendered judgment, the trial court was bound to deliver the girls to her at that time and it was error to place them in the temporary custody of a welfare worker pending the decision as to permanent custody. We believe this action by the trial court was within its discretion and was not error. When the jurisdiction of the court was invoked by the writ, a petition being then pending in the court for a change of custody based upon sworn allegations of materially changed conditions, the children became wards of the court and the court was empowered to take such steps concerning their temporary custody as it deemed necessary for their best interests. Evans v. Taylor, 128 S.W.2d 77 (Tex.Civ.App. Amarillo 1939, no writ); Ex parte Norton, 144 Tex. 445, 191 S.W.2d 713 (1946); Tunnell v. Reaves, 35 S.W.2d 707 (Tex. Com.App.1931, opin, apprvd.); Kesterson v. Kesterson, 473 S.W.2d 94 (Tex.Civ.App. Texarkana 1971, no writ).

Appellant also complains of the action of the trial court in proceeding to a trial on the merits of the change of custody suit at the same time as the hearing on the writ of habeas corpus. The original petition of appellee for a restraining order and temporary custody also contained allegations of materially changed conditions and a request for a change of permanent custody. This petition was pending in the court when appellant's petition for habeas corpus was filed. The writ of habeas corpus was originally made returnable on October 11, but it was continued until October 18. On the hearing of the habeas corpus matter the trial court heard appellant's case on the writ and, without ruling on the writ, moved forward into a full hearing on the merits of appellee's request for a permanent change of custody. Appellant's counsel objected to the failure of the court to deliver the children to her at that time and took the position that the court must rule on the writ before it considered appellee's case on

the merits. The court ruled that its action on the writ would be carried with the case on the merits. Appellant objected to that ruling, but when the court thereupon suggested that a hearing on the merits ensue immediately, and asked if the parties were ready, both parties announced ready and no motion for postponement was made.

▮▮▮ On the hearing of a writ of habeas corpus involving the possession or custody of minors, the court sits as a chancellor, with wide powers to determine what is best for said minors. The writ application initiates a civil action in which the welfare of the children is the determinative factor and in such proceedings the trial court is authorized and empowered to determine all questions arising with respect to the custody of the children. The court's power in such a case extends to a determination of alleged changed conditions occurring after entry of a custody judgment in a divorce proceeding. Kesterson v. Kesterson, supra; Blevins v. Harris, 150 S.W. 2d 813 (Tex.Civ.App. Fort Worth 1941, no writ). As said by Chief Justice Calvert in Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953), a proceeding of habeas corpus, although intended to determine only the right of possession of a child, nevertheless is a civil suit, the same as all other suits to adjudicate custody and the court's power in that regard cannot be limited. The trial court thus had the power to consider the merits of the change of custody petition along with the habeas corpus matter. As the court was authorized to so proceed, and the appellant did not move for a continuance, but announced ready, there was no error in considering all aspects of custody at the hearing on the writ of habeas corpus on October 18.

Appellant next contends that the trial court erred in finding material changes of conditions which justified the change of custody from appellant to appellee. The court found that material changes of conditions had occurred in that appellee had remarried, was gainfully employed and could provide a stable family environment for the children; that the environment of the children while living with their mother was detrimental to their emotional well being, and as a result thereof they were emotionally disturbed, making treatment by a psychologist necessary; that appellant during the time she had custody of the children had unreasonably and unnecessarily mentally abused the children, and at times had physically abused them; that the psychological well being of the children had improved during the time they had been in the temporary custody of appellee, pending the court's action on the issue of permanent custody; that it was in the best interests and welfare of said children that they be placed in the permanent custody and control of appellee; and that these facts constituted such changes in conditions since the divorce decree as required a change in the permanent custody of said children.

Without attempting to detail the evidence, it is sufficient to say that while it was conflicting, there was substantial evidence from Dr. Ohler, Dr. Petty, a minister, the parties and others, that the emotional stability and health of the children had been adversely affected while they had been in the custody of appellant; that their environment was not conducive to their best interest and welfare; and that the conditions found by the trial court did in fact exist.

▮▮ ▮▮ It is not every change in conditions respecting the custody and welfare of minor children which will justify a change in permanent custody from that which has previously been adjudicated. The changed conditions must be such as reasonably could be said to injuriously affect the best interests of the children. Neal v. Medcalf, 244 S.W.2d 666 (Tex.Civ.App. El Paso 1951, no writ); Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946 (1903). Stated another way, the proof must show the *situation and character* of the respective parties to have so changed as to render it to the best interest of the children that the former

order be set aside or modified. Evans v. Taylor, 128 S.W.2d 77 (Tex.Civ.App. Amarillo 1939, no writ); Troutman v. Troutman, 443 S.W.2d 931 (Tex.Civ.App. Amarillo 1969, no writ); Wilson v. Elliott, supra. Changes which have been held to be material in this respect are (1) marriage of one of the parties; (2) poisoning of the minds of the children by one of the parents; (3) one of the parties becoming an improper person for the custody; (4) changes in the home surroundings; (5) one of the parties becoming mean to the child, or other similar material change of conditions. Leonard v. Leonard, 218 S.W.2d 296 (Tex.Civ.App. San Antonio 1949, no writ).

■■■ While this court might not have reached the same conclusion as the trial court, had we been in its position, the question of the custody of the children is addressed to the sound discretion of the trial court when it sits as the trier of fact. It faces the parties and their witnesses, observes their demeanor and personalities, and feels the forces, powers and influences which are difficult to discern and accurately weigh by merely reading the written record. It is therefore in a better position than the appellate court to determine what will be for the best interests of the children. Thompson v. Haney, 191 S.W.2d 491 (Tex.Civ.App. Amarillo 1945, no writ). If there is substantial evidence, although controverted, sustaining the trial court's findings of materially changed conditions, those findings are binding on the appellate court unless they are so contrary to the great preponderance of the evidence as to reveal a clear abuse of discretion. Neal v. Medcalf, supra; Taylor v. Taylor, 42 S.W.2d 455 (Tex.Civ.App. Waco 1931, no writ); Stevens v. Denton, 195 S.W.2d 796 (Tex.Civ.App. Waco 1946, no writ). In the absence of such a clear abuse of discretion, we do not have the right to substitute our judgment for that of the trial court. Taylor v. Meek, 154 Tex. 305, 276 S.W. 787 (1955).

■■■ In view of the evidence in the record we cannot say that the trial court clearly abused its discretion. We conclude that there was sufficient evidence of materially changed conditions affecting the welfare of the children to sustain the decision of the trial court that a change in custody was warranted.

Appellant contends that appellee did not show the conditions existing at the time of the divorce, and therefore, regardless of the conditions prevailing after the divorce, there has been shown no *change* of conditions as is required in these cases. Even though there was no showing of exactly what the conditions were concerning the children prior to the divorce, it is obvious that there had been a change in their overall situation and environment from the time of the divorce, when the parents' rights of custody were equal, to the time of this trial when the children had been in the sole custody of their mother for some time. In addition, the evidence tended to show that since the children had been with their mother alone, living with the mother's parents, their emotional conditions and attitudes had been damaged. Furthermore, there had been a change in the appellee's marital status. He now had a stable home in which to care for the children, and the evidence showed that the adverse factors which had plagued the children while with their mother had mitigated considerably during the time they were temporarily with their father, pending a decision of the change of custody suit on the merits. We believe these facts were sufficient to justify the court in finding a change in the overall situation relating to the children since the divorce amounting to a material change of conditions. We believe the cases of Thompson v. Haney, supra, and Troutman v. Troutman, supra, sustain our view on this point.

■■■ Appellant also contends that the trial court erred in changing the custody here, because the law presumes that

it is best for children of tender years to be in the custody of their mother. Whether the girls here could be classed as of "tender age" in this context or not, the rule is that *all things being equal,* children of tender age should be placed in the custody of the mother. Longoria v. Longoria, 324 S.W.2d 244 (Tex.Civ.App. San Antonio 1959, er. dism'd w. o. j. 106 Tex. 134, 327 S.W.2d 453); Spitzmiller v. Spitzmiller, 429 S.W.2d 557 (Tex.Civ.App. Houston 1st, 1968, ref'd n. r. e.). This is not a hard and fast rule to be applied as a matter of law, but the controlling issue is always the best interests of the children. Watts v. Rutledge, 211 S.W.2d 995 (Tex.Civ.App. Eastland 1948, no writ); McAnally v. McAnally, 239 S.W.2d 154 (Tex.Civ.App. Eastland 1951, ref'd). Where facts are shown which in the opinion of the trial court injuriously affect the welfare of the children while in the custody of their mother and such facts are not present with respect to the father, we do not believe it can be reasonably said that "all things are equal."

Appellant urges that the findings of fact and conclusions of law made by the trial court should be stricken because they were not timely filed. Appellee contends that under the proper construction of Rules 297, 386 and 4, Texas Rules of Civil Procedure, the findings and conclusions were timely filed. We find it unnecessary to pass upon the question of timely filing, because even if the findings of fact and conclusions of law were not timely filed, they were filed in ample time for the appeal to be perfected and the record to be filed and under Tex.R.Civ.P. 434, any error in the late filing thereof would be harmless. Tippit v. Tippit, 360 S.W.2d 177 (Tex.Civ.App. Beaumont 1962, no writ).

Finding no reversible error, all of appellant's points are overruled and the judgment of the trial court is affirmed.